### State of Vermont v. John Edward Allen

[427 A.2d 373]

No. 400-79

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1981

304

*Raymond G. Bolton,* Bennington County State's Attorney, and *Clifford Miller,* Law Clerk (On the Brief), Bennington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Page Biddle,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Larrow, J.** Defendant below was convicted, after jury trial, of purposely, knowingly, and recklessly causing bodily injury to a police officer, one Baker, acting in performance of a lawful duty, in violation of 13 V.S.A. § 1028. Extensive review of the facts involved is not requisite to decision. An arrest and altercation ensued between the defendant and the officer, after defendant had been stopped on the highway for operating his automobile with defective equipment. At some point in the altercation, the police officer received cuts on his hand. He did not testify how they were received, despite his previous affidavit that defendant had bitten him. There was no other evidence to account for the cuts.

At the close of the evidence, defendant moved for acquittal on two grounds. Both were based on the insufficiency of the evidence, a lack of evidence of how the injuries were received, and a claim that defendant's raising his arm was not alone sufficient to prove assault. The motion was denied.

The motion should have been granted. Section 1028 merely provides an increased penalty for simple assault under 13 V.S.A. § 1023 when the person assaulted is a law enforcement officer in the performance of his duty. Defendant was not charged, as he might have been, with an attempt to cause bodily injury, but with actually causing it. On this point, the State's evidence was simply insufficient. Without doubt, the

injuries, although not serious, were "an impairment of physical condition" within the definition of bodily injury set out in 13 V.S.A. § 1021(1). See *State* v. *Blakeney*, 137 Vt. 495, 500, 408 A.2d 636, 639 (1979). But the cause of such injuries was left purely to speculation, the officer's only relevant testimony being that "during the course of the struggle I received lacerations on my fingers." No other evidence related to the cause of the injuries. As defendant points out, they could have been accidental, could have been self-inflicted, or could have been caused by contact with any number of other objects. This evidentiary void is further pointed up by the State's concession, on argument, that the officer declined to testify in conformity with his probable cause affidavit, claiming lack of independent recollection. The record thus demonstrates precisely the sort of "vagueness" we condemned in *State* v. *Prime*, 137 Vt. 340, 342, 403 A.2d 270, 271 (1979); it may indeed be worse, because absence of the missing element was deliberate rather than inadvertent on the part of the witness.

We do not reach the point of whether the purpose and knowledge required to be shown by the State's conjunctive pleading, see *State* v. *McDermott*, 135 Vt. 47, 50–52, 373 A.2d 510, 513–14 (1977), was sufficiently in evidence. See *State* v. *D'Amico*, 136 Vt. 153, 156, 385 A.2d 1082, 1084 (1978). With insufficient evidence of causation of the bodily injuries complained of, the defendant's intent, or lack of it, becomes immaterial to decision. The motion for judgment of acquittal should have been granted.

*Judgment reversed. Judgment of acquittal entered.*