### State of Vermont v. Alfred N. Wetherby

[453 A.2d 1124]

No. 321-81

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

James P. Mongeon, Rutland County State's Attorney, Rutland, for Plaintiff-Appellee.

Andrew B. Crane, Defender General, and Nancy E. Kaufman, Acting Appellate Defender, Montpelier, for Defendant-Appellant.

Peck, J. Defendant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2). He was convicted after a trial by jury, and now appeals to this Court. We affirm.

The sole issue presented for our review is whether it was reversible error for the trial court to admit testimony by a state trooper regarding conversations which contradicted the only defense witness on a collateral issue. We hold that even if the testimony was hearsay, its admission was harmless error.

On July 14, 1980, defendant was driving on a highway in West Rutland, Vermont. Two state troopers were standing next to their cruisers which were parked in the breakdown lane of the highway. Defendant's car appeared to be coming directly toward them, then swerved suddenly as though to avoid hitting them. The troopers pursued the vehicle, and ultimately stopped it. Two men were in the car: the defendant who had been driving, and with him a friend as a passenger. At trial one of the troopers testified that when the car was stopped defendant had a moderate odor of alcohol on his breath, had bloodshot eyes, and was unsteady on his feet when he got out of the car. The trooper took defendant to the state police barracks where he was given a breath test, and where he admitted that he had consumed three to four beers that evening. Subsequently, a chemist employed by the state health laboratory testified that defendant's breath sample yielded a .34% equivalent blood-alcohol content.

Defendant did not take the stand at trial, but his companion in the vehicle when it was stopped testified on his behalf. The friend was the only defense witness, and testified that in his judgment defendant had not been under the influence of an intoxicating beverage. In the course of his testimony, the witness described an argument in a bar earlier that evening in which he was attacked and scratched in the face by a friend of his wife. This attack resulted in a call to the police, and the trooper who testified for the prosecution had responded to the call.

At the conclusion of the defense case, the State recalled the trooper to the stand. Over defense counsel's objections on hearsay grounds, he testified that he interviewed several witnesses to the alleged altercation in the bar. He said that none of the witnesses corroborated the friend's story; consequently, no charges were filed with respect to the incident.

On appeal, defendant argued, as he did below, that this testimony was hearsay, and its admission constituted error of a magnitude requiring reversal. He argues that it was error because he was denied his Sixth Amendment right to confront witnesses against him, and because the testimony was improperly used to impeach the sole defense witness on a collateral issue, even though it was entirely negative and related to an alleged incident defendant himself had introduced into the case.

 "As a general principle, error does not require reversal unless it is prejudicial to the defendant." *State* v. *Hohman*, 138 Vt. 502, 506, 420 A.2d 852, 855 (1980). Even if we assume, without deciding, that the admission of the trooper's negative testimony was error, it is not enough to warrant a reversal. The burden of demonstrating prejudice sufficient to overturn the jury verdict is on the defendant. *State* v. *Slocum*, 132 Vt. 476, 479, 321 A.2d 51, 54 (1974). Prejudice is determined by the totality of all the facts presented in each case, and one factor in determining the presence of prejudice is "whether there exists 'overwhelming evidence' of guilt independent of the erroneous testimony . . . ." *State* v. *Rebideau*, 132 Vt. 445, 449, 321 A.2d 58, 61 (1974) (quoting *Chapman* v. *California*, 386 U.S. 18, 23 (1967)).

■ Applying this standard to the instant case, the evidence of the defendant's guilt was "overwhelming." This evidence included the testimony of the officer regarding the defendant's erratic driving and his physical condition at the time he was stopped, the results of the breath test, and his own admission that he had been drinking that evening. This evidence was more than sufficient for the jury to make its finding of guilt. Defendant has not satisfied us that the trooper's statements on the collateral issue of his friend's alleged fight in the bar contributed to the verdict, or that the statements prejudiced him in any way. Accordingly, we hold that defendant has failed to sustain his burden of demonstrating prejudice from the admission of the trooper's testimony and that such admission did not constitute reversible error.

*Judgment affirmed.*