### State of Vermont v. Erwin Leon Lupien

[466 A.2d 1172]

No. 82-001

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed September 6, 1983

Motion for Reargument Denied September 27, 1983

*Linda G. Mayer,* Caledonia County Deputy State's Attorney, for Plaintiff-Appellee.

*Patrick L. Biggam,* Montpelier, for Defendant-Appellant.

**Hill, J.** Defendant appeals his conviction after trial by jury of aggravated assault on a police officer with a deadly weapon, in violation of 13 V.S.A. §§ 1024(a)(2) and 1028. He claims that the trial court erred when it denied his motions for judgment of acquittal, V.R.Cr.P. 29, and when it admitted into evidence, over his objection, a statement from an unidentified declarant. We affirm.

The facts are as follows. On July 10, 1981, defendant and a group of friends drove to the Cole's Pond Casino, a dance hall located in Walden, Vermont, for an evening of dancing and music. Toward the end of the evening a fight broke out in the club's parking lot. When he arrived at the scene of the fight, defendant discovered that one of the fighters was a friend of his. His efforts to break up the fight were thwarted when he was attacked by another person. After a brief struggle, defendant wrestled his antagonist to the ground. At this point there was a great deal of noise and confusion, as a crowd of approximately twenty people had gathered in the area.

During the ensuing struggle between defendant and his assailant, a uniformed Caledonia County deputy sheriff approached defendant from behind and, with the use of his night-stick, pulled defendant off his assailant. According to the testimony of a key State witness, defendant broke free and turned to confront the deputy sheriff. At some point during the struggle, defendant had taken possession of what was later identified as a pair of "numchuks," a martial arts weapon consisting of two pieces of wood held together by a chain or cord. He suddenly made what appeared to be a quick arm movement to the right shoulder area of the deputy sheriff. At trial, the deputy sheriff testified that he immediately felt a sharp pain in his right shoulder which caused him to crumple to his knees. Another witness at the trial quoted defendant as having then stated: "There . . . you don't think you're so . . . big now." Seconds later, defendant was tackled by another officer. In the resulting confusion, defendant dropped the numchuks, and an unidentified observer absconded with them. The injured deputy sheriff was taken to the hospital, where it was determined that he had suffered a broken clavicle.

On appeal, defendant asserts that the trial court erred when it denied his timely motions for judgment of acquittal. V.R.Cr.P. 29. Under the information charged, the State had the burden of proving beyond a reasonable doubt that defendant either attempted to cause, or purposely or knowingly caused bodily injury, through the use of a deadly weapon, to a law enforcement officer engaged in the performance of a lawful duty. 13 V.S.A. §§ 1024(a)(2), 1028; *State v. D'Amico*, 136 Vt. 153, 155, 385 A.2d 1082, 1084 (1978). "The denial of a motion for acquittal and our evaluation of the sufficiency of the evidence on appeal is governed by the following standard: whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt." *State v. Derouchie*, 140 Vt. 437, 445, 440 A.2d 146, 150 (1981); see also *State v. Larose*, 138 Vt. 281, 285, 415 A.2d 210, 212–13 (1980).

Guided by these principles, we turn to defendant's insufficiency of evidence claims. His first claim relates to the State's alleged failure to prove beyond a reasonable doubt that his actions caused the deputy sheriff's shoulder injury. Defendant insists that the case is on all fours with *State v. Allen*, 139 Vt. 303, 427 A.2d 373 (1981), in that the State was unable to produce any direct evidence to show that defendant ever hit the officer. Absent such proof, he contends that since the shoulder injury could have been caused by any number of factors unrelated to his actions, his motion for judgment of acquittal should have been granted. We disagree.

In *State v. Allen, supra*, defendant there was convicted of causing bodily injury to a law enforcement officer acting in performance of a lawful duty. *Id.* at 304, 427 A.2d at 373. However, the record contained no evidence whatsoever relating to the cause of the officer's lacerations. Since the cause of the injuries was left purely to speculation, we reversed the conviction. *Id.* at 305, 427 A.2d at 374. The record in this case, however, reveals a fact pattern wholly distinguishable from *Allen*. In addition to the scenario outlined above, the State also introduced evidence establishing that defendant alone was involved in the struggle with the injured deputy sheriff, that the medical records revealed an injury consistent with a blow from a

stick-like object, and that the officer never fell completely to the ground during the struggle. In short, although there was no direct evidence to show that defendant hit the deputy sheriff, there was sufficient circumstantial evidence to allow the jury to come to such a conclusion. *State v. Derouchie, supra,* 140 Vt. at 444, 440 A.2d at 149.

Moreover, we reject defendant's additional assertion that the evidence was insufficient to establish that defendant used a deadly weapon. As indicated above, the State produced an eyewitness who was able to testify positively that he saw defendant move toward the uniformed officer with the numchuks in his right hand. There can be no doubt that a weapon such as numchuks, capable of shattering a clavicle in one quick strike, constitutes a deadly weapon for purposes of 13 V.S.A. § 1024 (a) (2). *State v. Deso,* 110 Vt. 1, 8, 1 A.2d 710, 714 (1938).

Defendant next contends that the trial court erred when it admitted into evidence, over his objection, the following statement allegedly heard by a police officer at the fight scene: "If you want to get tough, take that." The statement was introduced by the State to prove that the defendant did in fact hit the deputy sheriff. The State agrees that it failed to establish either who the declarant was, or whether the statement specifically related to the struggle between defendant and the deputy sheriff. In fact, the State was only able to offer testimony that the spoken words came from the general vicinity of the fight scene. Defendant claims that the statement should have been excluded since it constituted hearsay not falling within an applicable exception. We agree.

In its brief, the State concedes that the statement was hearsay, but argues that it falls within the res gestae exception to the hearsay rule, either as a present sense impression, accord V.R.E. 803 (1), or an excited utterance, accord V.R.E. 803 (2). In *State v. Roy,* 140 Vt. 219, 436 A.2d 1090 (1981), we set forth six factors to be considered in determining whether statements sought to be admitted fell under the res gestae rule. Two of the cited factors were that the statement had to relate to the main event and that the statement had to have been made by either a participant or an eyewitness of the event in-

volved. *Id.* at 224, 436 A.2d at 1092 (citing *Beck* v. *Dye,* 200 Wash. 1, 9–10, 92 P.2d 1113, 1117 (1939)). Since the State failed to establish either factor, the statement should have been excluded.

Our inquiry does not end here, however, for evidence improperly admitted " 'does not require reversal unless it is prejudicial to the defendant.' " *State* v. *Wetherby,* 142 Vt. 248, 250, 453 A.2d 1124, 1125 (1982) (quoting *State* v. *Hohman,* 138 Vt. 502, 506, 420 A.2d 852, 855 (1980)). To overturn a jury verdict, defendant has the burden of establishing prejudice to a degree warranting reversal. *State* v. *Wetherby, supra,* 142 Vt. at 250, 453 A.2d at 1125. This he has failed to do. In view of the totality of evidence herein outlined, we conclude that if there was prejudice caused by the error it was at best minimal. Accordingly, the judgment of the trial court must be affirmed.

*Affirmed.*