## State of Vermont v. Randall Ovitt

[535 A.2d 1272]

No. 83-097

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 31, 1986

Stay of Mandate Dissolved September 3, 1987

*Jeffrey L. Amestoy*, Attorney General, *Elizabeth J. Grant*, Assistant Attorney General, and *Stephen Norten* and *Steve Craddock*, Law Clerks (On the Brief), Montpelier, for Plaintiff-Appellee.

*Nancy E. Kaufman*, Montpelier, for Defendant-Appellant.

**Hayes, J.** Defendant appeals, after trial by jury, from a conviction of lewd and lascivious conduct in violation of 13 V.S.A. § 2601. We affirm.

While leaving for work one day, the complaining witness observed defendant masturbating while standing by his mother's barn, located across the road from the witness's residence. Instead of driving to her job, she immediately drove to her husband's place of business to tell him what had happened. She called her babysitter and told her to lock the doors. The witness then called the police, who arrested defendant after an investigation.

Prior to trial, defendant filed various motions. The first was to exclude the statements made by the complaining witness to her husband and to her babysitter. The court denied this motion, and allowed these statements as res gestae, or excited utterance exceptions to the hearsay rule. Defendant also moved to exclude evidence of his prior alleged acts of the same character. The court granted this motion.

During the trial, defense counsel introduced evidence that, at the time of the alleged offense, defendant was milking cows in a barn about a quarter of a mile away. Concerning this alibi, the trial judge instructed the jury that if they found beyond a reasonable doubt that the alibi was false or fabricated or fictitious, the attempt to establish the alibi was evidence of guilt.

After three days of trial, defendant was found guilty. He filed a motion for judgment of acquittal which was denied and he appeals.

## I.

The trial court instructed the jury on alibi as follows:

> Now, evidence in this case has also been introduced tending to establish that an alibi was asserted and established, in other words, that the Defendant was not present at the time when or at the place where he was alleged to have committed the offense charged in the Information. It is, of course, the State's burden to establish beyond a reasonable doubt each of the essential elements of the offense, including the involvement of the Defendant. And, if, after consideration of all the evidence in this case, you have a doubt as to whether the Defendant was present at the time and place as alleged in the Information, then you must find him not guilty. However, if you find beyond a reasonable doubt that the alibi is *false* or *fabricated* or *fictitious* and that the Defendant was, in fact, at the place when and where the crime was commit-

ted, then the attempt to establish an alibi is evidence of guilt to be considered by you along with all the other evidence in this case. (emphasis added).

Defendant argues that this instruction implied that a *failed* attempt to establish an alibi was some evidence of guilt. We disagree. The instruction given mentions *nothing* about a failed attempt to establish an alibi. Instead it specifically concerns the evidentiary consequences flowing from a finding by the jury that the alibi is *false* or *fabricated* or *fictitious*.

Two general kinds of instructions relating to the effect of failure to prove an alibi are: 1) those relating to the effect given to the fact that the defendant has failed to prove his alibi; and 2) those relating to the effect given to the fact that the evidence supporting defendant's alibi is false and fabricated. See Annot., 146 A.L.R. 1377, 1385 (1943).

Defendant, in his brief, makes the error of transforming the false and fabricated alibi instruction given in this case into a failure to prove alibi instruction. We agree with defendant that it would have been error to instruct the jury that failure to prove an alibi constitutes evidence of guilt. Such an instruction implies that a defendant has some affirmative obligation to establish the alibi. An affirmative defense usually involves a justification for an admitted action. An alibi, on the other hand, is simply a denial of the possibility of having committed a crime because of being somewhere else when it was committed. *Stump* v. *Bennett*, 398 F.2d 111, 116 (8th Cir.), *cert. denied*, 393 U.S. 1001 (1968).

A jury instruction that a failed attempt to establish an alibi is evidence of some guilt implies a shifting of the burden of proof from the State to the defendant, and as such, violates due process. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970); see also *State* v. *Dusablon*, 142 Vt. 95, 97, 453 A.2d 79, 81 (1982). "[I]t is the burden of the government to prove the complicity of the defendant, not the burden of the defendant to establish his innocence." *United States* v. *Burse*, 531 F.2d 1151, 1153 (2d Cir. 1976).

Our determination that it is error to give an instruction that a failed attempt to establish an alibi is some evidence of guilt does not mean that an instruction that a false, fabricated or ficti-

tious alibi is evidence of guilt is also error. This Court has approved the use of the false, fabricated or fictitious type of alibi instruction in the past. See *State* v. *Ladabouche,* 127 Vt. 171, 177, 243 A.2d 769, 773 (1968); *State* v. *Conley,* 107 Vt. 72, 76, 176 A. 300, 302 (1935); *State* v. *Ward,* 61 Vt. 153, 194, 17 A. 483, 491 (1888). We cite these cases with approval only to the extent that they stand for the proposition that a false, fabricated of fictitious alibi may be considered as some evidence of guilt.

■ We note that when the State presents direct evidence to show that a defendant's alibi is false, fabricated or fictitious, it is unquestionably proper for the court to instruct the jury that, if they find beyond a reasonable doubt that the alibi is false, fabricated or fictitious, they may consider this some evidence of guilt. Direct evidence of falsity, however, is not an essential prerequisite to the use of a false or fabricated type of alibi instruction. Jurors may believe, without *direct* evidence of falsity, that a defendant's alibi is false. Nevertheless, when the State presents no direct evidence that the defendant's alibi is false or fabricated, as in the case at bar, the better approach is to include, in close proximity to the alibi instruction, a thorough instruction on the State's obligation to prove guilt beyond a reasonable doubt.

■ The charge given by the court below, when examined in its entirety, did not violate defendant's right to due process. It included a thorough instruction on the State's obligation to prove guilt beyond a reasonable doubt, as well as an instruction to find defendant not guilty if, after considering all the evidence, the jury had a reasonable doubt as to defendant's presence at the time and place of the incident. Thus, we find no error in the court's alibi instruction.

## II.

Defendant next asserts that the trial court erred in ruling that statements made by the complaining witness to the babysitter and to her husband were admissible as part of the res gestae.

We need not determine whether the testimony of the husband and the babysitter was hearsay, or whether it was subject to the res gestae exception to the hearsay rule. Even if we assume that its admission was improper, reversal is required only if it is shown to be prejudicial to the defendant. " 'To overturn a jury verdict, defendant has the burden of establishing prejudice to a degree

warranting reversal.' " *State* v. *Hall*, 145 Vt. 299, 305, 487 A.2d 166, 170 (1984) (quoting *State* v. *Lupien*, 143 Vt. 378, 383, 466 A.2d 1172, 1175 (1983)).

The testimony of both the husband and the babysitter did not differ from the testimony of the complaining witness herself, which was already in the case without error. " '[E]rror in the admission of evidence over objection and exception after evidence of like tenor has been admitted without objection is harmless.' " *Id.* (quoting *Leonard* v. *Henderson*, 118 Vt. 29, 37, 99 A.2d 698, 703 (1953)). Defendant has failed to establish any prejudice attributable to the testimony of the husband and babysitter. Therefore, even if its admission was error, it was harmless and does not warrant reversal.

## III.

Defendant next contends that the State must prove, as an element of the offense, that the defendant did in fact expose his genitals. We disagree. Defendant was charged with lewd and lascivious behavior, 13 V.S.A. § 2601, not with indecent exposure. The charge was based on defendant's "masturbating his genitalia" in public. That is what the State was required to prove.

Defendant concedes that indecent exposure and public masturbation have been deemed to be proscribed by statutes prohibiting open and gross lewd and lascivious behavior. See *Commonwealth* v. *Heinbaugh*, 467 Pa. 1, 354 A.2d 244 (1976) (open lewdness statute can be constitutionally applied to defendant charged with masturbating in a public place); *State* v. *Millard*, 18 Vt. 574 (1846) (open and gross lewd and lascivious conduct for a man to expose himself to a woman and solicit her to have sexual intercourse, despite her opposition).

The complaining witness testified that defendant was "masturbating." She described defendant as having his shirt unbuttoned and rolled back so that she "could see his full stomach area," as well as his thighs. He was outdoors, a few feet from a public highway, in plain view. She demonstrated defendant's stroking motion, and further testified that he pivoted as she passed by, to remain directly in front of her, in full view. She was close enough to have spoken to defendant without raising her voice.

Considering such evidence, the State did not need to also prove that defendant *actually* exposed his genitals, or present ev-

idence that the complaining witness *actually* saw defendant's genitals. The complaining witness's testimony reveals conduct which a trier of fact may determine to be lewd and lascivious. Public masturbation is "an act which may be said to affront the sensibilities of a substantial segment of the community." *Heinbaugh*, 467 Pa. at 9, 354 A.2d at 248. The trial court did not err in refusing to grant defendant's motion for judgment of acquittal.

## IV.

Defendant also argues that the trial court erred in not ruling before trial on defendant's motion to exclude references to defendant's past conduct. Specifically, defense counsel sought to exclude testimony that the complaining witness told the babysitter, "Randy did it again." The trial court ruled to exclude such testimony, but not until after the complaining witness had already testified and just before the babysitter took the stand.

■ Whenever possible, the court should rule on motions to exclude testimony prior to trial. Viewing the trial as a whole, however, the trial court's delay in ruling on defendant's motion did not constitute reversible error. The only reference to the phrase was made by the prosecutor in his opening statement. The court immediately cautioned the jury that the prosecutor's opening statements were not evidence for their consideration. In her testimony, the complaining witness neither mentioned the "again" phrase nor referred to prior acts of defendant. Immediately after this testimony, the court formally ruled that the phrase was inadmissible. Any delay in the ruling was not reversible error.

## V.

Defendant further asserts that the trial court erred in failing to grant his motions for a mistrial. Specifically, he contends that the prosecutor's opening remarks concerning the complaining witness's statement to the babysitter that "Randy did it again" so prejudiced defendant's right to a fair trial that the trial judge ought to have declared a mistrial. We disagree.

■ "A motion for mistrial is addressed to the trial court's discretion, and the denial of the motion will be held erroneous only if prejudice is affirmatively made to appear." *State* v. *Berard*, 132 Vt. 138, 145, 315 A.2d 501, 506 (1974) (citations omitted). In this

case, the prosecutor's statements were met with an immediate instruction cautioning the jury that the statements were not evidence. The court decided that such a cautionary instruction would sufficiently cure any harm done and it denied defendant's motion for a mistrial. "In the absence of an affirmative showing to the contrary, we assume that the instruction was not ignored . . . and that the prosecutor's statement was disregarded." *State* v. *Foy*, 144 Vt. 109, 117, 475 A.2d 219, 224 (1984). Consequently, we cannot say that the trial court abused its discretion in denying the motion for mistrial.

## VI.

Defendant next alleges that five specific instances of prosecutorial misconduct deprived him of his constitutional right to due process and a fair trial.

## A.

First, defendant argues that the prosecutor improperly advised the jury to use "common sense" in "interpreting what the law says and in deciding whether the act was, in fact, lewd and lascivious." Defendant argues that jurors must be guided by the law, and not by what they consider to be common sense.

■ The prosecutor's comment did not rise to the level of misconduct. Any confusion of the jury that may have been caused would have been cleared up by the court's later instructions to the jurors to "follow the law as stated in the instruction . . . and to apply the rules of law so given to the facts as you find them from the evidence to be."

## B.

■ Second, defendant asserts that the prosecutor committed irresponsible misconduct in exclaiming "A-ha" when he elicited testimony from a detective that the defendant gave two "accountings" for the day after the day of the offense. This Court has stated, " 'a court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.' " *State* v. *Kasper*, 137 Vt. 184, 209, 404 A.2d 85, 99 (1979) (quoting *Donnelly* v. *DeChristoforo*, 416 U.S. 637, 647 (1974)). "A-ha" is

an ambiguous utterance. It may simply have been an acknowledgment of an answer finally elicited. Exclaiming "A-ha" may have been improper, but it did not so infect the trial with unfairness as to deprive defendant of due process. We do note in passing, however, that direct examination is a time for interrogation, not exclamation, on the part of a prosecutor.

## C.

Third, defendant asserts that the prosecutor committed misconduct in telling the jury in his summation that "[t]he State goes last [in the final arguments] because it has the burden of proof. And, if the State doesn't initially go first and meet its burden of proof, the case is all over." Defendant alleges that this statement implied that the State had already been determined to have met its burden of proof.

The trial court in its final instructions to the jury stated: "The State has the burden of proving that the defendant is guilty beyond a reasonable doubt. This burden remains on the State throughout the case and never shifts to the defendant . . . . The Defendant is never required to prove his innocence." Even if there is a possibility that the prosecutor's comments contained an improper implication, the court's final instructions were sufficiently curative to correct any misconception.

## D.

Fourth, defendant asserts that the prosecutor committed misconduct when he told the jury several times in his closing argument that the complaining witness had testified that she saw defendant's genitals, despite the fact that the witness's testimony omitted any such reference.

"A prosecutor may argue what the evidence shows and all of the proper inferences therefrom." *State* v. *Savo*, 141 Vt. 203, 213-14, 446 A.2d 786, 792 (1982). Taking the complaining witness's testimony as a whole, we believe the prosecutor was drawing valid inferences based on that testimony.

Appellant also argues that the prosecutor committed misconduct in telling the jury that there was testimony that a doghouse, which would have obstructed the complaining witness's view of the defendant, had been moved at the time of the offense. We

find no error here. The transcript reveals that the complaining witness testified that the doghouse had been moved.

## E.

Finally, defendant argues that it was misconduct for the prosecutor to suggest that the defendant knew that the complaining witness would be passing at the time of the offense, and that he knew her husband would be absent.

 Defense counsel did not object to the prosecutor's statements in this regard. Thus, we will not consider this objection on appeal, absent glaring error. *State* v. *Billado,* 141 Vt. 175, 182, 446 A.2d 778, 785 (1982). The prosecutor's comment may have been inappropriate, but it was not "a glaring error so grave and serious that it strikes at the heart of a defendant's constitutional rights." *Id.* (citing *State* v. *Kasper*, 137 Vt. at 190-91, 404 A.2d at 89).

*Affirmed.*