**ENTRY ORDER**
2017 VT 7
SUPREME COURT DOCKET NO. 2017-006
JANUARY TERM, 2017

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit |
| | } | Criminal Division |
| | } | |
| Myron Bullock | } | DOCKET NO. 4273-11-16 Cncr |

Trial Judge: James R. Crucitti

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals the trial court's order holding him without bail under 13 V.S.A. § 7553.  We hold that the State met its burden to show that it will have sufficient admissible evidence of guilt at trial on two of the charges against defendant.  Thus, we affirm.

¶ 2.     The State charged defendant with three counts: (1) human trafficking, knowingly obtaining a person through coercion for the purpose of having that person engage in commercial sex, in violation of 13 V.S.A. § 2652(a)(2); (2) aggravated sexual assault causing serious bodily injury in violation of 13 V.S.A. § 3253(a)(1); and, (3) kidnapping with the intent to sexually assault in violation of 13 V.S.A. § 2405(a)(1)(D).  Each charge carries a potential sentence of life in prison. The State moved to hold defendant without bail under 13 V.S.A. § 7553 and the trial court held an evidentiary hearing on the State's motion.  At the hearing, the State introduced an audio recording of the alleged victim giving a statement to two state police troopers.  One of the troopers administered an oath to the alleged victim at the beginning of the statement, and the alleged victim swore to speak truthfully.  See V.R.E. 603 ("[E]very witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.").

¶ 3.     Defendant objected to admission of the alleged victim's sworn statement, arguing that because the statement would not be admissible at trial, it should not be admissible in the trial court's hearing on the State's motion to hold without bail under 13 V.S.A. § 7553.  The trial court admitted the statement, conceding that the statement lacked foundation but deciding that the statement was nonetheless admissible for the purposes of the § 7553 hearing because it included a sworn oath.  The trial court then concluded that the State presented sufficient evidence to support holding defendant without bail on both the aggravated sexual assault and kidnapping with intent to sexually assault charges, and that there were no conditions under which the defendant could be

released. See 13 V.S.A. § 7554(b) (listing factors trial court must consider when determining whether defendant can be released).

¶ 4. Defendant now appeals the trial court's ruling. He renews his argument below, and asks us to hold that evidence inadmissible at trial is likewise inadmissible in a § 7553 hearing.

¶ 5. The Vermont Constitution provides that "[a] person accused of an offense punishable by . . . life imprisonment may be held without bail when the evidence of guilt is great." Vt. Const. ch. II, § 40(1). This particular provision is implemented through 13 V.S.A. § 7553, which provides that "[a] person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." While the trial court has broad discretion in its initial determination of whether a defendant shall be held without bail, we review the evidence relied on by the trial court de novo. State v. Hardy, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.).

¶ 6. In State v. Duff, we incorporated Vermont Rule of Criminal Procedure 12(d) as the standard required to hold a defendant without bail under § 7553. 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). Rule 12(d) governs dismissal for lack of a prima facie case and requires the State to establish "by affidavits, depositions, sworn oral testimony, or other admissible evidence that it has substantial, admissible evidence as to the elements of the offense." A motion for failure to make a prima facie case under Rule 12(d) must be dismissed if, taking the evidence in the light most favorable to the State and excluding all modifying evidence, the State's evidence can fairly and reasonably support a finding that defendant is guilty. Duff, 151 Vt. at 439, 563 A.2d at 263.

¶ 7. Defendant interprets our holding in Duff to require the State to present admissible evidence at a § 7553 hearing sufficient to defeat a 12(d) motion. This interpretation misunderstands the standard we adopted in Duff and places too high a burden on the State at a § 7553 hearing.

¶ 8. As we explained in Duff, application of the 12(d) determination in a § 7553 hearing involves two distinct analyses: "(1) that substantial, admissible evidence of guilt exists, and (2) the evidence can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." 151 Vt. at 440, 563 A.2d at 263 (emphasis removed). The first of these analyses requires the State to demonstrate that there is "substantial, admissible" evidence that can be presented at trial. But the State is not required under this standard to actually present such evidence during the course of the § 7553 hearing. The § 7553 hearing is not a trial. The State's burden is to demonstrate that it has evidence that will be admissible at trial, not to have it lawfully admitted at the hearing as if it were a trial.

¶ 9. The Vermont Constitution, as discussed above, includes no presumption of bail for defendants charged with offenses punishable by life imprisonment. See Vt. Const. ch. II, § 40(1). Our Duff analysis was anchored to this lack of a constitutional presumption. See 151 Vt. at 436-37, 563 A.2d 261. And the standard we adopted reaches a middle ground between the burden required for conviction and the burden required to demonstrate probable cause. It neither requires the State to show sufficient admissible evidence to find defendant guilty beyond a reasonable doubt, which would be duplicative of the State's burden at trial, nor does it allow a trial court to hold a defendant without bail when the State merely has sufficient evidence to show probable

cause, which would minimize a defendant's liberty interest and the presumption of innocence. Id. at 440, 563 A.2d at 263.

¶ 10. In this case, the State introduced an oral recording of the alleged victim giving a sworn statement to two state police troopers. The victim's statement includes facts which, if true, would satisfy each element of two of the charges brought against defendant. Thus, if the alleged victim testifies at trial, the same statement would be admissible evidence and a jury could reasonably find defendant guilty of the charged offenses. For this reason, we hold that the State has met its burden under 13 V.S.A. § 7553 and Duff to show that "substantial, admissible evidence of guilt exists [that] can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." Id. at 440, 563 A.2d at 263 (emphasis removed).

¶ 11. The sworn oral statement demonstrates that the State has admissible evidence of defendant's guilt that it can use at trial, namely the content of the statement that will be provided by a live witness at trial. The testimony contained in this statement, including the representation that the person making the statement is the victim of the criminal actions described in it, is sufficient to meet the requirements of Rule 12(d).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
John A. Dooley, Associate Justice

☐ Do Not Publish

_____
Beth Robinson, Associate Justice

3