# ENTRY ORDER

## 2018 VT 119

## SUPREME COURT DOCKET NO. 2018-334

## OCTOBER TERM, 2018

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| | } | |
| Michael C. Crawford | } | DOCKET NO. 991-10-18 Bncr |

Trial Judge:  David A. Barra

In the above-entitled cause, the Clerk will enter:

¶ 1.    Defendant was charged with first-degree aggravated domestic assault, first-degree aggravated domestic assault with a previous domestic-assault conviction, interference with access to emergency services, and violation of conditions of release in violation of 13 V.S.A. §§ 1043(a)(1), (3), 1031, and 7559(e).  Because he has been convicted of three felonies in the past, the State included a habitual-offender enhancement in the aggravated-domestic-assault charge under 13 V.S.A. § 1043(a)(1), so defendant potentially faces life imprisonment in connection with these charges.  See 13 V.S.A. § 11.  At his arraignment on October 3, 2018, the court ordered him held without bail pending a weight-of-the-evidence hearing.  After that hearing on October 9, the court ordered him held without bail pursuant to 13 V.S.A. § 7553.  Defendant appeals, arguing that the State failed to meet its burden under § 7553 to present "great" evidence of guilt.  In particular, defendant argues that the trial court improperly relied on inadmissible hearsay evidence in assessing the weight of the evidence.  We agree and accordingly reverse and remand.

¶ 2.    At the weight-of-the-evidence hearing, the State relied on a sworn affidavit by Vermont State Trooper Justin Walker, a completed Domestic Assault Investigation Report form that included sworn responses by the trooper, and a brief victim-interview statement signed and sworn by complainant.

¶ 3.    The trooper's affidavit reflected the following: On the evening of October 2, Trooper Walker responded to a report of an assault in Pownal.  He reported that when he found complainant, her eyes were bloodshot, watery, and puffy, apparently from crying, and her hair was disheveled.  Trooper Walker reported that complainant told him she and defendant had gotten into an argument, after which he grabbed her by the hair and threw her against the wall, then grabbed her by the throat and slammed her against the wall again.  Trooper Walker noticed a small red mark at the base of her neck.  Complainant allowed him to inspect her head for bumps or swelling, but he found none.  The affidavit avers that complainant's statements were recorded, and she swore to their accuracy.  However, the State did not offer for admission the actual recorded statements.  Trooper Walker's sworn portion of the Domestic Assault Investigation Report affidavit reflects his observation that complainant was fearful and crying.

¶ 4.    The written victim-interview statement did not describe the incident. The blank space calling for a description of the assault was cross-hatched, other than a note that read: "Recorded statement - sworn." Otherwise, complainant's responses on the form reflected that complainant and defendant had been in a four-year sexual relationship; that defendant had made degrading comments to complainant; that complainant and defendant had been drinking alcohol that night; and that there had been four or five previous incidents in which defendant had harmed complainant, one or two of which complainant had reported to police. Complainant swore to these statements and signed the victim-interview statement.

¶ 5.    For the reasons set forth below, we conclude that the court erred in considering complainant's out-of-court statements to the trooper as reflected in the trooper's sworn affidavit. Without that evidence on this record the State cannot meet its burden to establish that the weight of the evidence is great.

¶ 6.    Under the Vermont Constitution, "[a] person accused of an offense punishable by . . . life imprisonment may be held without bail when the evidence of guilt is great." Vt. Const. ch. II, § 40(1). This provision is implemented by 13 V.S.A. § 7553, which provides that "[a] person charged with an offense punishable by life imprisonment when the evidence of guilt is great may be held without bail." To determine whether the evidence of guilt is great, we use the standard of Vermont Rule of Criminal Procedure 12(d), requiring evidence sufficient to make out a prima facie case against the defendant. State v. Duff, 151 Vt. 433, 440, 563 A.2d 258, 263 (1989). This requires the State to show "(1) that substantial, admissible evidence of guilt exists, and (2) the evidence can fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty." Id. Such "substantial, admissible" evidence may be presented in the form of affidavits. See V.R.Cr.P. 12(d)(2) (in a motion to dismiss under Rule 12(d), the prosecution must "establish by affidavits, depositions, sworn oral testimony, or other admissible evidence that it has substantial, admissible evidence as to the elements of the offense"); State v. Hugerth, 2018 VT 89, ¶ 7, __ Vt. __, __ A.3d __ (mem.). This rule simply allows for admissible evidence to be presented by affidavit; it does not make all evidence presented by affidavit admissible.

¶ 7.    The State makes two arguments for why complainant's out-of-court statements to Trooper Walker, presented via his affidavit, are admissible. First, the State argues that these statements were excited utterances, which are not excluded as hearsay under Vermont Rule of Evidence 803(2). Second, the State argues that because this Court has held that recorded sworn testimony is admissible at the Rule 12(d) stage, Trooper Walker's description of complainant's statements in his affidavit are admissible because complainant swore to the truth of her statements to Trooper Walker, and Trooper Walker swore to the truth of his affidavit. Both arguments are unavailing.

¶ 8.    The State failed to establish at the weight-of-the-evidence hearing that complainant's statements to Trooper Walker were admissible as excited utterances. As the proponent of this evidence, which is barred by the rule against hearsay unless a valid exception applies, the State bore the burden of establishing its admissibility. See State v. Oscarson, 2004 VT 4, ¶ 20, 176 Vt. 176, 845 A.2d 337. To be admitted as an excited utterance, a hearsay statement must "relat[e] to a startling event or condition [and be] made while the declarant was under the stress of excitement caused by the event or condition." V.R.E. 803(2). At the weight-of-the-evidence hearing, the State argued that the statements should be admitted as excited utterances because the trooper's affidavit reflects that complainant was crying and fearful when she spoke with him. But not every sad or fearful statement is an excited utterance. To establish admissibility under Rule 803(2), the State had to establish that complainant's statements were made while she

was still "under the stress of excitement" of a startling event or condition, which it did not do. Because the State bears the burden on this point, the sparse evidence concerning the circumstances surrounding complainant's statement operates against the State.

¶ 9.    The State's argument that complainant's statements as represented in Trooper Walker's affidavit are admissible as sworn testimony also fails. The State may meet its burden under § 7553 by introducing a recording of a witness's sworn oral testimony. See State v. Bullock, 2017 VT 7, ¶ 11, 204 Vt. 623, 165 A.3d 143. For example, in Bullock, the State introduced an oral recording of the victim's sworn statement to law-enforcement officers in which she alleged facts that, if true, would satisfy the elements of the crimes charged against the defendant. Id. ¶ 10. We held this "sworn oral statement demonstrates that the State has admissible evidence of defendant's guilt that it can use at trial, namely the content of the statement that will be provided by a live witness at trial." Id. ¶ 11. Here, the State simply alleges that a sworn recording of complainant's statements to Trooper Walker exists, and represents that Trooper Walker's affidavit conveys her sworn statements. But Trooper Walker's affidavit reflects only his recollection of complainant's statements. Unlike an oral recording of the sworn testimony of a witness whom the State could put on the stand at trial, Trooper Walker's recollection of complainant's statements does not "demonstrate[] that the State has admissible evidence of defendant's guilt that it can use at trial." Id. ¶ 10.

¶ 10.    Because the trial court could not properly rely on complainant's inadmissible out-of-court statements offered through the trooper's sworn affidavit, the admissible evidence supporting the charges is not "great," as the Vermont Constitution and § 7553 require. The admissible evidence, as embodied in Trooper Walker's affidavit and the victim-interview form signed by complainant, is essentially this: that complainant and defendant were in a sexual relationship, that there had been four or five previous incidents in which defendant had harmed complainant, that the trooper observed a red mark on complainant's neck, and that she was crying and fearful. Even taken in the light most favorable to the State, this is not enough to "fairly and reasonably convince a fact-finder beyond a reasonable doubt that defendant is guilty" of the crimes for which he is charged. Duff, 151 Vt. at 440, 563 A.2d at 263.

Reversed and remanded.

BY THE COURT:

Marilyn S. Skoglund, Associate Justice

☒ Publish

☐ Do Not Publish

Beth Robinson, Associate Justice

Harold E. Eaton, Jr., Associate Justice

3