NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 19

No. 24-AP-137

| | |
|---|---|
| State of Vermont | Original Jurisdiction |
| v. | Extraordinary Relief |
| Jessica L. Morrill | February Term, 2025 |

Mary L. Morrissey, J.

Evan Meenan, Deputy State's Attorney, Montpelier, for Petitioner.

Matthew Valerio, Defender General, and Jill Paul Martin, Prisoners' Rights Office, Montpelier, for Respondent.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **EATON, J.** The State of Vermont filed this petition for extraordinary relief seeking to challenge the criminal division's adjudication of a motion to vacate by respondent on the ground that she was a victim of human trafficking pursuant to 13 V.S.A. § 2658. We conclude that the criminal division has jurisdiction to decide motions to vacate under § 2658, and therefore deny the petition.

¶ 2. In April 2019, respondent, Jessica Morrill, pled nolo contendere to assault and robbery in violation of 13 V.S.A. § 608(a). In September 2023, respondent asked the criminal division to vacate her conviction, strike the adjudication of guilt, and expunge the record of the criminal proceedings pursuant to 13 V.S.A. § 2658. This statute indicates that a person convicted of a qualifying crime "may file a motion to vacate the conviction if it was obtained as a result of

the person having been a victim of human trafficking." Id. § 2658(b). Respondent argued that: (1) she was convicted of a qualifying crime; and (2) her conviction was obtained as a result of being a victim of human trafficking. See 13 V.S.A. § 2658(d)(1)(A), (B) (indicating that court must grant motion if it finds by preponderance of evidence that movant was convicted of qualifying crime and conviction was obtained as result of human trafficking). The State opposed respondent's motion, arguing that she had failed to demonstrate that she was a victim of human trafficking and that the criminal division lacked jurisdiction over motions pursuant to § 2658. The State proffered that the motion should have been filed in the civil division. The criminal division concluded that it had jurisdiction over motions brought under § 2658 and that respondent had satisfied the statutory requirements for relief and granted her motion.

¶ 3.    The State filed a notice of appeal acknowledging that it did not have a right to appeal under 13 V.S.A. § 7403 (outlining criminal-issue areas State can appeal), Vermont Rule of Appellate Procedure 5 (outlining allowed appeals before final judgment), or Appellate Rule 5.1 (outlining collateral final order appeals) but requesting that this Court construe the appeal as a petition seeking extraordinary relief under Appellate Rule 21. Extraordinary relief in the form of "[m]andamus is appropriately invoked to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so" but only "exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." See State v. Saari, 152 Vt. 510, 514, 568 A.2d 344, 347 (quotation omitted). This Court granted the State's request for review, given "the importance of the issue and because no further facts are necessary in order to consider the merits" of the purely legal issue raised. Id. at 514-15, 568 A.2d at 347. Subsequently, the State filed this petition for extraordinary relief, arguing that the civil division, not the criminal division, has jurisdiction over motions brought pursuant to § 2658 and asking that this Court direct the criminal division to vacate

2

its order and to instead direct the matter to the civil division to conduct a new hearing on respondent's motion. We deny the State's petition.

¶ 4. "Because the jurisdiction of the trial courts is shaped by the legislature, subject-matter jurisdiction is a question of statutory interpretation." Bacigalupo v. Bacigalupo, 2022 VT 43, ¶ 14, 217 Vt. 143, 287 A.3d 60 (alteration and quotation omitted.) We review questions of statutory interpretation, including those concerning subject matter jurisdiction, de novo. See Cameron v. Rollo, 2014 VT 40, ¶ 7, 196 Vt. 346, 97 A.3d 454. "In construing statutes, our goal is to effect the legislative intent. To serve this goal, we first look at the plain, ordinary meaning of the statute." State v. Blake, 2017 VT 68, ¶ 8, 205 Vt. 265, 174 A.3d 126 (quotations omitted) (citation omitted). Furthermore, when interpreting statutes, "laws relating to a particular subject 'should be construed together and in harmony if possible.' " Id. ¶ 9 (quoting Holmberg v. Brent, 161 Vt. 153, 155, 636 A.2d 333, 335 (1993)). "We will not interpret a single word or phrase in isolation from the entire statutory scheme. Individual statutes . . . are to be construed with others in pari materia as parts of one system." State v. Davis, 2020 VT 20, ¶ 47, 211 Vt. 624, 230 A.3d 620 (alteration in original) (quotation omitted).

¶ 5. "The Criminal Division shall have jurisdiction to try, render judgment, and pass sentence in prosecutions for felonies and misdemeanors." 4 V.S.A. § 32. Whereas "[t]he Civil Division shall have . . . original and exclusive jurisdiction of all original civil actions" and "jurisdiction to hear and dispose of any other matter brought before the court pursuant to law that is not subject to the jurisdiction of another division." Id. §§ 31(1), (5). Thus, the civil division is a court of general jurisdiction and "the presumption is that [it has] subject matter jurisdiction . . . unless a showing is made to the contrary." Lambell Lumber Corp. v. Newstress Int'l, Inc., 2007 VT 83, ¶ 6, 182 Vt. 282, 938 A.2d 1215 (alteration in original) (quotation omitted). In this instance, the context of the relevant statutes, the statutory scheme, and the language used

by the legislature affirmatively demonstrate that the criminal division has jurisdiction over motions filed pursuant to 13 V.S.A. § 2658.

¶ 6.    We begin with the statute at issue.  In relevant part, § 2658 provides:

> (b) A person convicted of a qualifying crime may file a motion to vacate the conviction if it was obtained as a result of the person having been a victim of human trafficking.  The motion shall be in writing, describe the supporting evidence with particularity, and include copies of any documents showing that the moving party is entitled to relief under this section.
>
> (c) The court shall hold a hearing on the motion, provided that the court may dismiss a motion without a hearing if the court finds that the motion fails to assert a claim for which relief may be granted.
>
> (d)(1) The court shall grant the motion if it finds by a preponderance of the evidence that:
>
> (A) the moving party was convicted of a qualifying crime; and
>
> (B) the conviction was obtained as a result of the moving party's having been a victim of human trafficking.
>
> (2) If the motion is granted, the court shall vacate the conviction, strike the adjudication of guilt, and expunge the record of the criminal proceedings.  The court shall issue an order to expunge, or redact the moving party's name from, all records and files related to the moving party's arrest, citation, investigation, charge, adjudication of guilt, criminal proceedings, and probation for the offense.

13 V.S.A. § 2658 (emphases added).  Neither the plain language in § 2658 nor § 2651—which defines other language used in the relevant subchapters—defines the term "the court" as it appears in § 2658.

¶ 7.    Because the plain language does not render much insight into whether "the court" referred to in § 2658 is the civil or criminal division, we examine the statutory scheme as a whole. In so doing, the Title is instructive.  The relevant statutes exist in Vermont's Title Thirteen, entitled Crimes and Criminal Procedure, under Part 1: Crimes, Chapter 60: Human Trafficking, and Subchapter 1: Criminal Acts.  Furthermore, each section within the relevant subchapter is related

4

to the criminal act of human trafficking: defining the relevant terms, outlining the elements of human trafficking, addressing individuals who patronize, solicit, and knowingly permit human trafficking in their dwelling, describing restitution, and, relevant to this case, describing motions to vacate by victims of human trafficking. 13 V.S.A. §§ 2651-2659.

¶ 8. However, the majority of the relevant statutes do not include a jurisdictional statement. For example, § 2652 defines the crime of human trafficking, outlines the criminal consequences of committing the crime, and establishes an affirmative defense available to victims of human trafficking. Like § 2658, these parts of § 2652 do not explicitly state which court has jurisdiction. Nonetheless, convicting individuals of crimes, sentencing them to criminal punishment, and allowing them to bring forward affirmative defenses all necessarily fall under the jurisdiction of the criminal division. 4 V.S.A. § 32; see, e.g., State v. Bullock, 2017 VT 7, ¶ 2, 204 Vt. 623, 165 A.3d 143 (mem.) (describing defendant charged with crime of human trafficking in criminal division).

¶ 9. In direct contrast, however, the relevant statutes affirmatively refer to specific jurisdictions in two sections. Section 2652(c)(1)(B) explicitly removes jurisdiction from the criminal division and affirmatively gives jurisdiction to the family division. 13 V.S.A. § 2652(c)(1)(B) (stating individuals under 18 "may be treated as a juvenile under 33 V.S.A. chapter 52 or referred to the Department for Children and Families for treatment"). In addition, § 2656 allows the Attorney General to "commence a proceeding in the Civil Division of the Superior Court to dissolve [a business] entity" that has been convicted of violating a crime outlined in the chapter.

¶ 10. "When the Legislature includes a particular provision in one section and excludes it from another, it is reasonable to assume the omission was intentional." Hill v. Agri-Mark, Inc. 2025 VT 3, ¶ 11, __ Vt. __, __ A.3d __ (quotation omitted). Furthermore, "[i]n construing a statute, this Court considers it as a whole, and, if possible, gives effect to every word, clause, and

5

sentence." State v. Tierney, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980).  Consequently, we must give meaning to the portions of the statute where the Legislature affirmatively gave jurisdiction to the family or civil division, by construing sections without such designation as meaning that jurisdiction remains with the criminal division, as it does for § 2652(a) and most of Title 13.  The Legislature could have affirmatively specified the civil division as the appropriate venue for motions under § 2658, as it felt necessary to do in § 2656—but it did not do so.  Consequently, we assume that the Legislature intended there to be a different outcome between the sections where the civil division is identified, including § 2652 and the sections that have no specific designation, such as § 2658.

¶ 11.    There is a similar contrast between Subchapter 1: Criminal Acts and Subchapter 2: Resource Guide Posting; Private Cause of Action for Victims; Victim Protection.  The latter includes § 2662 which explicitly gives the civil division jurisdiction over a private right of action by the victim against an offender.  This section allows a victim of human trafficking to "bring an action against the offender in the Civil Division of the Superior Court for damages, injunctive relief, punitive damages in the case of a willful violation, and reasonable costs and attorney's fees." 13 V.S.A. § 2662(a).  Consequently, when the Legislature intended for victims to proceed in the civil division, it provided so expressly, in direct contrast to §§ 2652(a) and 2658 which include no such language.  In other words, we decline to hold that the Legislature intended an identical jurisdictional outcome when it used such different wording: "the court" in some instances and "the Civil Division" in others.  See Carpin v. Vt. Yankee Nuclear Power Corp., 2024 VT 27, ¶ 12, __ Vt. __, 319 A.3d 715.  ("We presume that the Legislature chooses statutory language intentionally, so different words carry different meanings" and "courts should read different terms in statute[s] to have different meanings." (alteration and quotations omitted)).

¶ 12.    We will not ignore the intentional contrast between civil and criminal divisions created by the statute's language because "[w]e will avoid a construction that renders any portion

6

of a statute ineffective or superfluous." Murdoch v. Town of Shelburne, 2007 VT 93, ¶ 5, 182 Vt. 587, 939 A.2d 458 (mem.). This language—the intentional contrast included in the statute by the legislature—overcomes the argument in favor of the civil division as the court of general jurisdiction. See 4 V.S.A. § 31(5) (designating civil division court of general jurisdiction when matter "is not subject to the jurisdiction of another division").

¶ 13. Therefore, construed as a harmonious whole, giving effect to all the language in the statute, and presuming that the Legislature intended different results for the different language, the statutory scheme demonstrates the Legislature's intent to give the criminal division jurisdiction over cases under Subchapter 1: Criminal Acts, except in two specific and explicit instances. See 13 V.S.A. §§ 2652(c)(1)(B), 2656. Consequently, we conclude that the criminal division has jurisdiction over motions brought pursuant to § 2658.

¶ 14. The State argues that § 2658 should be read in pari materia with the post-conviction relief (PCR) statute. See id. §§ 7131-7137. It argues that this is appropriate because the nature of the case and the type of relief afforded by the PCR statute and § 2658 are "nearly identical." We disagree. In relevant part, a PCR proceeding allows "[a] prisoner who is in custody under sentence of a court" to claim the right to ask the court to vacate, set aside, or correct a sentence because the sentence being served was "imposed in violation of the constitution or laws of the United States, or of the State of Vermont, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Id. § 7131. The State argues that § 2658 is a statutory expansion of the type of "collateral attack" allowed in a PCR. Id. (allowing defendant to claim right to be released based on "collateral attack" to sentence). According to the State, because the civil division has jurisdiction over PCRs, the civil division should have jurisdiction over motions under § 2658. See, e.g., In re Kolts, 2024 VT 1, ¶ 1, 218 Vt. 565, 312 A.3d 502 (remanding PCR case to civil division).

7

¶ 15.     As the State acknowledges, PCR proceedings are <u>collateral</u> attacks to a defective sentence. See 13 V.S.A. § 7131. Black's Law Dictionary defines "collateral attack" as "[a]n attack on a judgment in a proceeding other than a direct appeal" and explains that "[t]ypically a collateral attack is made against a point of procedure or another matter not necessarily apparent in the record, as opposed to a direct attack on the merits exclusively." <u>Collateral Attack</u>, Black's Law Dictionary (12th ed. 2024). Accordingly, PCR motions challenge the process used to convict the individual. See, e.g., <u>In re Hernandez</u>, 2021 VT 65, ¶ 1, 215 Vt. 375, 264 A.3d 456 (defendant alleging ineffective assistance of counsel pursuant to PCR statute); <u>In re Bridger</u>, 2017 VT 79, ¶ 3, 205 Vt. 380, 176 A.3d 489 (defendant challenging sufficiency of plea colloquy pursuant to PCR statute); <u>In re D.C.</u>, 2016 VT 72, ¶ 2, 202 Vt. 340, 149 A.3d 466 (defendant alleging change-of-plea hearing that preceded adjudication was constitutionally inadequate). Consequently, the issues at play in a PCR proceeding are substantially different from the issues and evidence required for the moving party to succeed on a motion under § 2658. Compare 13 V.S.A. § 7131 (allowing attacks to procedure including that "sentence was imposed in violation of the constitution or laws," that "court was without jurisdiction to impose the sentence," that "sentence was in excess of the maximum authorized by law" or "otherwise subject to collateral attack"), with <u>id</u>. § 2658(d)(1) (requiring movant to show conviction of qualifying crime and that "conviction was obtained as a result of the moving party's having been a victim of human trafficking"). The nature of the cases brought pursuant to these two statutes are substantially different.

¶ 16.     Restrictions exist in the PCR framework that further separate the nature of the two types of cases. Specifically, to bring a PCR case, an individual must be "[a] prisoner who is in custody under sentence of a court." 13 V.S.A. § 7131; see also <u>In re LaMountain</u>, 170 Vt. 642, 642, 752 A.2d 24, 25 (2000) (mem.) ("Post-conviction relief is available only to petitioners who are 'in custody under sentence of a court' " (quoting 13 V.S.A. § 7131)). Similar restrictions are notably absent from § 2658. See 13 V.S.A. § 2658 (requiring showing that individual was victim

8

of human trafficking without requirement of being in custody under sentence). Consequently, we are not persuaded by the State's argument that any similarities between a PCR proceeding and a request for relief due to human trafficking weigh in favor of jurisdiction for both in the civil division.

¶ 17. Furthermore, the language in § 2658 provides relief in the form of expungement. Id. § 2658 ("[T]he court shall vacate the conviction, strike the adjudication of guilt, and expunge the record of the criminal proceedings"). The criminal division typically has jurisdiction over expungement. See id. § 7601(1) (defining "court" as criminal division for expungement statutes). The State argues that this is not dispositive because the criminal division does not have jurisdiction over every type of expungement and points to statutes in other titles giving other divisions powers to seal and expunge records. See, e.g., 33 V.S.A. § 4916c (allowing Commissioner of Department for Children and Families to expunge record from State's Sex Offender registry). We agree that this is not dispositive. However, the legislature's stated intent for the criminal division to have jurisdiction over expungements and to only give the civil division jurisdiction for certain designated cases in various other titles supports the conclusion that the criminal division has jurisdiction over § 2658 which, like expungements, is listed in Title 13. Compare 13 V.S.A. § 7601(1) (defining "court" as criminal division for expunging criminal history records related to conviction), and id. § 2658 (d)(2) (directing court to "expunge the record of the criminal proceedings" if motion is granted), with 33 V.S.A. §§ 5102(6), 5119 (permitting Family Division to seal juvenile criminal history records), id. § 4916c (permitting the Commissioner for Department for Children and Families to expunge child abuse registry entries), and id. §§ 6902(4), 6911 (permitting Department of Disabilities, Aging, and Independent Living to expunge vulnerable adult abuse registry entries).

¶ 18. The State also acknowledges that § 2658 is more akin to the affirmative defense created by 13 V.S.A. § 2652—which is within the criminal division's jurisdiction. See State v.

9

<u>Fonseca-Citron</u>, 2019 VT 80, ¶ 10, 213 Vt. 11, 238 A.3d 594 (explaining defendant's burden of production for affirmative defense). Like an affirmative defense, § 2658 allows the victim of human trafficking to present "a justification for an . . . action" rather than challenging a procedural defect. <u>State v. Ovitt</u>, 148 Vt. 398, 402, 535 A.2d 1272, 1274 (1986). Consequently, the type of relevant evidence that would need to be brought forward in a motion pursuant to § 2658 supports the conclusion that the criminal division should have jurisdiction.

¶ 19. Furthermore, the State argues that the civil division should have jurisdiction over motions brought under § 2658 because the movant must prove the required elements by a preponderance of the evidence, as is often the standard of proof in civil cases. 13 V.S.A. § 2658(d)(1). However, the preponderance-of-the-evidence standard is not solely the purview of the civil division. Some affirmative defenses brought in criminal trials require proof by a preponderance of the evidence. See <u>id</u>. § 4801(b) (providing that "defendant shall have the burden of proof in establishing insanity as an affirmative defense by a preponderance of the evidence"); <u>State v. Wilkins</u>, 144 Vt. 22, 25, 473 A.2d 295, 296 (1983) (explaining that "defendant has the burden of establishing the affirmative defense of entrapment only by a preponderance of the evidence"). Therefore, the standard of proof required by the statute does not mitigate in favor of civil division jurisdiction.

¶ 20. Because we conclude that the criminal division had jurisdiction over respondent's motion under § 2658, we conclude that there are no grounds to grant the State extraordinary relief.

<u>Petition denied</u>.

FOR THE COURT:

_____

Associate Justice

10