# ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-331

SEPTEMBER TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Essex Unit, |
| | } | Criminal Division |
| Jonathan Houle | } | |
| | } | DOCKET NO. 120-7-10 EXCR |
| | } | |
| | | Trial Judge: Mary M. Teachout |

In the above-entitled cause, the Clerk will enter:

Petitioner Jonathan Houle pled no contest to lewd and lascivious conduct with a child, 13 V.S.A. § 2602, in June of this year. He received a sentence of 2 to 15 years, all suspended, and he was placed on probation with specified conditions. After he allegedly violated one or more of those conditions, he was arraigned and held without bail on August 22, 2013. Petitioner filed a motion for review in the superior court of the arraignment decision to hold him without bail on August 27, 2013, citing the Vermont Constitution ch. II, § 40 and 13 V.S.A. § 7554. The court scheduled a hearing on the motion for September 12, 2013. On August 30, 2013, petitioner filed a petition for extraordinary relief in the Essex County Civil Division under V.R.C.P. 75, seeking an order requiring the Criminal Division to hold the bail review hearing immediately. Petitioner argued that the hearing must be held under 13 V.S.A. § 7554(d) within 48 hours, or alternatively within five days. See 13 V.S.A. § 7554(d)(1), (2). The court denied the petition, concluding that § 7554(d) did not apply to a probation revocation proceeding. Petitioner subsequently filed this petition for extraordinary relief under V.R.A.P. 21, to request that we order the lower court to hold an immediate bail review hearing, again citing 13 V.S.A. § 7554.

The State urges us to decide that petitioner, as a probationer convicted of a violent crime, has neither a constitutional nor a statutory right to bail, see 28 V.S.A. § 301(4), and that, therefore, he should have no bail review. We conclude, however, that whether petitioner has either a constitutional or a statutory right to bail is not determinative of whether he is entitled to the procedural step of an immediate bail review hearing.

The bail procedures detailed in 13 V.S.A. § 7554, titled "Release prior to trial," are not written to apply to post-conviction, probation-revocation detentions. That section is, however, incorporated by reference in the applicable statute, 28 V.S.A. § 301(4) (titled "Detention pending hearing for probationer"), in a manner that is highly ambiguous as to whether the bail review hearing procedure is meant to apply. Vermont Rule of Criminal Procedure 32.1(a)(3)(A) also incorporates 13 V.S.A. § 7554, with somewhat clearer language:

> A probationer held in custody pursuant to a request to revoke probation may be released by a judicial officer pending hearing or appeal. In determining conditions of release, the judicial officer shall consider the factors set forth in 13 V.S.A. § 7554(b). Any denial of or change in the terms of release shall be reviewable in the manner provided in 13 V.S.A. §§ 7554 and 7556 for pretrial release.

Id. It explicitly requires compliance with § 7554 where bail has been denied and petitioner is seeking review. We interpret it to require the court to comply with § 7554(d). We conclude that of the two options of § 7554(d), the best fit is with § 7554(d)(2) requiring the review hearing within five days of the date of the original denial of bail. That time has already expired, and petitioner is entitled to immediate relief.

The Essex Superior Court, Criminal Division, shall hold a bail review hearing as soon as possible under the procedures specified in 13 V.S.A. § 7554(d)(2) and decide the motion as soon as possible thereafter.

BY THE COURT:

\*
_____
Paul L. Reiber, Chief Justice

☐ Publish

_____
John A. Dooley, Associate Justice

☒ Do Not Publish

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

\*Note: Chief Justice Reiber was unable to sign this order, but participated in oral argument and the decision.