2014 VT 113

**STATE of Vermont v. Sean CAMPBELL**

[109 A.3d 438]

No. 14-350

¶ 1. October 7, 2014. Defendant Sean Campbell appeals the trial court's decision to hold him without bail pending a merits hearing on his alleged probation violations. Pursuant to our decision in *State v. Houle*, we conclude that defendant is entitled to review of his denial of bail. No. 2013-331, 2013 WL 9055945 (Vt. Sept. 6, 2013) (unpub. mem.).

¶ 2. On August 27, 2014, defendant was arraigned on charges of violating his probation and ordered held without bail pending the merits hearing. The merits hearing began on September 10, 2014, but was continued until October 31, 2014. At the end of the first day of the hearing, defendant moved the court to review his denial of bail, given the prolonged period between the hearing dates. The court declined to review the decision at that time. Defendant subsequently filed a written motion to review bail, which the court again denied in a brief entry order, stating that it "explained at the arraignment why it found facts requiring defendant to be held pending hearing and finds nothing in the offer of the motion that changes that analysis." Defendant filed this appeal.

¶ 3. Defendant argues that he is entitled to review of bail within forty-eight hours under § 7554(d)(1) and that the trial court failed to conduct the required hearing. The State argues that the trial court exercised its discretion in denying defendant's motion to review bail and that we should review that decision under an abuse of discretion standard.

¶ 4. Both parties agree that a defendant charged with violating probation conditions has no constitutional right to bail or release.[*] The parties disagree, however, on the level of review to which defendant is entitled.

_____

[*] The language of 28 V.S.A. § 301(4) was amended in 2010 and now provides that "[t]here shall be no right to bail or release, unless the person is on probation for a nonviolent misdemeanor or nonvio-

¶ 5. We addressed this precise question in *Houle*. There we stated that the bail procedures in § 7554 are not written to apply to post-conviction, probation-revocation detentions. No. 2013-331, 2013 WL 9055945, at *1. We noted, however, that § 7554 is incorporated by reference in both 28 V.S.A. § 301(4) and Vermont Rule of Criminal Procedure 32.1(a)(3)(A). *Id.* Rule 32.1(a)(3)(A) explicitly requires compliance with § 7554 when defendant is seeking review of denial of bail. It states:

> A probationer held in custody pursuant to a request to revoke probation may be released by a judicial officer pending hearing or appeal. In determining conditions of release, the judicial officer shall consider the factors set forth in 13 V.S.A. § 7554(b). Any denial of or change in the terms of release shall be reviewable in the manner provided in 13 V.S.A. §§ 7554 and 7556 for pretrial release.

¶ 6. Although no provision of § 7554 precisely applies to denial of bail pending a probation-revocation hearing, we concluded in *Houle* that the best fit is § 7554(d)(2), which requires a hearing within five working days of the date bail originally was denied. No. 2013-331, 2013 WL 9055945, at *1. We see no reason to diverge from that reasoning in our decision today. As that time has already expired, defendant is entitled to immediate relief.

*The Bennington Superior Court, Criminal Division, shall hold a bail review hearing as soon as possible under*

the procedures specified in 13 V.S.A. § 7554(d)(2) and decide the motion as soon as possible thereafter.

lent felony and the probation violation did not constitute a new crime." Nonviolent felonies and misdemeanors are those offenses that are not listed crimes under 13 V.S.A. § 5301(7). Defendant was charged with violating an abuse prevention order, which is a listed crime under § 5301(7)(V).