2014 VT 123

**STATE of Vermont v. Sean CAMPBELL**

[110 A.3d 289]

No. 14-393

¶ 1. November 7, 2014. Defendant Sean Campbell appeals the trial court's decision to hold him without bail pending a merits hearing on his alleged probation violations. We affirm.

¶ 2. On April 8, 2014, defendant was charged with violating three abuse prevention orders issued to the same complaining witness under 13 V.S.A. § 1030(a). On June 2, 2014, defendant pled guilty to one of the three counts, and the State dismissed the other two counts. The court gave defendant a nine-to-twelve-month sentence, all suspended, and placed defendant on probation with conditions, including the following:

> N. Violent or threatening behavior is not allowed at any time.
>
> 31. You must not engage in criminal behavior.
>
> DV CC. You shall not engage in violent, assaultive, threatening or harassing behavior towards anyone.

¶ 3. On August 26, 2014, another complaining witness filed for and was granted an abuse prevention order against defendant after he allegedly appeared uninvited at her home and made threatening remarks to her and her male friend. Based on this complaint, defendant was charged with violating conditions N, 31, and DV CC.

¶ 4. On August 27, 2014, defendant was arraigned on these charges and ordered held without bail pending the merits hearing. The merits hearing began on September 10, 2014, but was continued until October 31, 2014. On September 15, 2014, defendant filed in the trial court a motion to review bail. The court denied defendant's motion, stating that it "explained at the arraignment why it found facts requiring defendant to be held pending hearing and finds nothing in the offer of the motion that changes the analysis." Defendant appealed, and we ordered the lower court to hold an immediate bail review hearing. *State v. Campbell*, 2014 VT 113, ¶ 6, 197 Vt. 647, 109 A.3d 438 (mem.).

¶ 5. On October 14, 2014, the trial court held the required bail review hearing and ordered defendant to continue to be held without bail pending the merits hearing. The court found that "the nature of the underlying offense, the sentence that might be imposed if he's found in violation of it, and the allegations of the type of conduct that underlies the alleged violation still requires a hold without bail." Defendant appealed. At the close of the second day of the merits hearing, the court again continued the hearing until November 13, 2014.

¶ 6. A defendant charged with violating probation conditions has no constitutional or statutory right to bail or release if the defendant is on probation for a listed crime as defined in 13 V.S.A. § 5301(7). 28 V.S.A. § 301(4). Included in the listed crimes is "violation of abuse prevention order as defined in section 1030 of [title 13]." 13 V.S.A. § 5301(7)(V). The trial court has discretion to grant bail or release, and our review is limited to determining whether the trial court abused that discretion. *State v. Barrows*, 172 Vt. 596, 596, 776 A.2d 431, 432 (2001) (mem.). When a defendant has no constitutional right to bail, "the presumption is switched so that the norm is incarceration and not release." *State v. Hardy*, 2008 VT 119, ¶ 10, 184 Vt. 618, 965 A.2d 478 (mem.) (quotation omitted). Thus, the trial court's discretion is extremely broad, *id.*, and we will affirm its decision if it is supported by the proceedings below. *Barrows*, 172 Vt. at 596, 776 A.2d at 432; see 13 V.S.A. § 7556(b).

¶ 7. Defendant argues that the trial court erred in denying his release under 13 V.S.A. § 7553a, rather than considering the factors laid out in § 7554(b), and that therefore the court abused its discretion when it found that defendant was not a flight risk yet withheld bail. The State counters that defendant misconstrues the nature of review in the case of a proba-

tioner held without bail and that the shifting presumption places the burden on defendant to demonstrate why he should be released.

¶ 8. We previously have confronted appeals from probationers held without bail and have recognized that these circumstances do not fit comfortably within our statutory framework. We do, however, believe that this framework provides sufficient guidance for our decision here.

¶ 9. Both 28 V.S.A. § 301(4) and Vermont Rule of Criminal Procedure 32.1(a)(3)(A) direct our attention to 13 V.S.A. § 7554, and Rule 32.1(a)(3)(A) expressly requires courts to consider the § 7554(b) factors when determining conditions of release for probationers. While § 7554(b) references subsection (a), that subsection is inapplicable to probationers because it presumes release. Thus, § 7554(a)'s requirement that a defendant "shall . . . be ordered released pending trial in accordance with this section" is inapplicable. Also inapplicable is the requirement of subsection (a)(1) that the court must impose "the least restrictive . . . conditions which will reasonably assure the appearance of the person." All that is necessary is a consideration of the § 7554(b) factors.

¶ 10. The trial court here considered the relevant statutory factors. It heard testimony from defendant's mother on the adequacy of her living arrangements should defendant be released into her custody, his ability to meet imposed conditions, and his mental health. The court also looked at the underlying offense and current allegations. The court did note that defendant was not a flight risk, but ultimately expressed concern over defendant's pattern of conduct and his potential risk to the public. Because the court's discretion here is extremely broad, we do not believe that its decision to deny bail based on defendant's threat to the public is an abuse of that discretion.

The court is required only to consider the factors, which it did.

*Affirmed.*