**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2016-289

AUGUST TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Bennington Unit, |
| | } | Criminal Division |
| Patricia Kane | } | |
| | } | DOCKET NO. 67-1-14 Bncr |
| | } | |
| | | Trial Judge: A. Gregory Rainville |

In the above-entitled cause, the Clerk will enter:

Defendant Patricia Kane appeals the trial court's order to hold her without bail pending a merits hearing on her alleged violation of probation. We affirm.

After failing to appear at an appointment with her probation officer, defendant was charged with violating the terms of her probation, which was imposed as part of her sentence for the underlying offense of custodial interference. During her August 12 arraignment for this probation violation, the State requested that defendant be held without bail, and the court granted this request pending a merits hearing. Defendant submitted a motion, which the trial court construed as an appeal of the bail order.

Pursuant to statute, after arraignment on a violation-of-probation charge, the court has the authority to release a probationer pending a merits hearing, but there is "no right to bail or release." 28 V.S.A. § 301(4). Any release is pursuant to 13 V.S.A. § 7554, and that statute lays out factors that the court must consider when assessing whether the defendant may be released without bail and in setting the conditions of release. See V.R.Cr.P 32.1(a)(3)(A) ("A probationer held in custody pursuant to a request to revoke probation may be released by a judicial officer pending hearing or appeal. In determining conditions of release, the judicial officer shall consider the factors set forth in § 7554(b)."); see also State v. Campbell, 2014 VT 123, ¶ 9, 198 Vt. 627 (mem.) (describing that in appeals of orders denying bail in violation of probation cases, "[a]ll that is necessary is a consideration of the § 7554(b) factors").

On appeal of a trial court's order to hold without bail, our review of its order is strictly limited to whether the trial court abused its discretion. See Campbell, 2014 VT 123, ¶ 6 (explaining that trial court's discretion to hold without bail pending probation-violation merits hearing is "extremely broad" and that this Court "will affirm its decision if it is supported by the proceedings below").

On appeal, defendant argues that the trial court did not properly consider the § 7554(b) factors and therefore improperly granted the State's motion to hold her without bail.

Here, the court did not explicitly state its analysis of the § 7554(b) factors. However, the court was not required to do so. Rather, what matters is that it was presented with an adequate factual basis for determining that the defendant should be held without bail. See State v. Barrows, 172 Vt. 596, 597 (2001) ("In the instant case, a hearing was held and a review of the proceedings below present an adequate factual basis for the district court's decision. . . . Where the statute creates no right to bail in the first instance, it cannot be said that the court's decision was clearly untenable or unreasonable."). As we recently explained, "[a]ll that is necessary is a consideration of the § 7554(b) factors." Campbell, 2014 VT 123, ¶ 9.

Here, the record shows that the court considered the relevant statutory factors and that there was an adequate factual basis to hold defendant without bail. During the arraignment hearing, the court was provided with information regarding two of the § 7554(b) factors: (1) "the accused's . . . mental condition" and (2) her "record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings." The State described that defendant's probation officer "relates in his affidavit the somewhat . . . turbulent nature of her mental status and that she made some comments about possibly harming herself and contacted Morrisville Police to make that statement as well." The State also described that there were periods when defendant's GPS device was not functioning because it had not been charged. This was corroborated by defendant's probation officer, who further described that defendant was difficult to communicate with regarding her whereabouts and did not show up for her probation appointment the previous day; that when defendant's GPS was working her probation officer saw that she went back and forth on Route 7 in close proximity to where her son is; and that the day before the hearing she said something to the effect of "legitimizing what Jody Herring had done" in conversation with an Easter Seals staff member. The probation officer said under the current conditions he felt they were unable to supervise her because defendant was not following the conditions. The court could also see that defendant had prior violations of probation.

After hearing these facts, the court determined that it would "hold [defendant] until we can get this set for a merits hearing" because "there are several things going on here all at the same time and it's just not working." Thus, the court determined that defendant's pattern of conduct in not complying with probation conditions and the potential risks associated with her turbulent mental health status were sufficient reasons to hold defendant without bail. Given the extremely broad deference given to the trial court and the court's consideration of the relevant factors, the court did not abuse its discretion in holding defendant without bail and its decision is affirmed.

Affirmed.

FOR THE COURT:

_____
Paul L. Reiber, Chief Justice

2