**ENTRY ORDER**
2016 VT 121
SUPREME COURT DOCKET NO. 2016-289
NOVEMBER TERM, 2016

| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Bennington Unit |
| | } | Criminal Division |
| | } | |
| Patricia Kane | } | DOCKET NO. 67-1-14 Bncr |

Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

¶ 1. Defendant appeals the trial court's order holding her without bail pending a probation revocation hearing. On appeal, defendant argues that pursuant to statute she has a right to bail. We reverse and remand.

¶ 2. The basic facts are not disputed. Defendant pleaded guilty to custodial interference in violation of 13 V.S.A. § 2451. In October 2014, she was sentenced to two-to-five years, all suspended except one year.

¶ 3. In August 2016, her probation officer filed a probation violation complaint alleging that defendant had violated the four conditions of her probation. These conditions required her to: meet with her probation officer whenever told, notify her probation officer of an address change within two days of moving, obey a curfew, and abide by electronic monitoring. The probation officer's affidavit alleged that defendant failed to meet her probation officer as scheduled, had not reported a change of address, violated her curfew for three days, and did not keep her electronic monitoring device properly charged. The affidavit also stated that defendant had made "concerning reports" to an Easter Seals worker, specifically telling the worker that "What happened with Jody Herring is understandable." Jody Herring is charged with shooting and killing an employee of the Department for Children and Families. The affidavit further stated that defendant had called the Sheriff's Department and reported that she was not feeling safe and did not care if she lived or died or went to jail. The probation officer explained that due to defendant's violations and her statements of self-harm, he was requesting that her probation be revoked.

¶ 4. The following day, defendant was arraigned on the probation violation complaint. The State requested that defendant be held without bail pending a revocation hearing. The State's proffered basis for holding without bail was that defendant's failure to report to her probation officer as required demonstrated that she would not come to court as required. The State further asserted that defendant posed a risk of harm to herself and to the community. Defendant claimed

that she was attempting to comply with all conditions and that her record of attending court hearings demonstrated that she was not a risk of flight. Defendant's probation officer was present at the hearing and stated that he was unable to properly supervise her under her current conditions. The court made an oral ruling, concluding that defendant should be held without bail pending the revocation hearing.

¶ 5. On September 1, 2016, this Court issued a single-Justice order affirming the trial court's decision to hold defendant without bail pending the probation-revocation hearing. The order explained that pending a hearing, the probationer does not have a right to bail, that release is therefore subject to the court's discretion, and that the court did not abuse its discretion in holding defendant without bail. See State v. Campbell, 2014 VT 123, ¶ 10, 198 Vt. 627, 110 A.3d 289 (mem.) (explaining that defendant had no right to bail and trial court had broad discretion in determining whether to grant bail or release). Defendant then moved for full-Court review.

¶ 6. Defendant's request for review stems from a statutory change that was made in 2010. The Legislature changed the statute regarding detention of a probationer following a charge of a violation. Prior to that time, the statute stated simply that there was no right to bail pending a hearing. The statute was amended as follows:

> (4) Detention pending hearing for probationer. Pending arraignment for any charge of violation, the probationer shall continue to be detained at a correctional facility. Thereafter, the Court may release the probationer pursuant to ~~section 7554 of Title 13~~ 13 V.S.A. § 7554. There shall be no right to bail or release, unless the person is on probation for a nonviolent misdemeanor or nonviolent felony and the probation violation did not constitute a new crime.

2009, No. 157 (Adj. Sess.), § 5 (codified at 28 V.S.A. § 301(4)). New language was also added to define nonviolent felony as an offense which is not a listed crime in 13 V.S.A. § 5301(7) or "an offense involving sexual exploitation of children." 28 V.S.A. § 301(4)(A).

¶ 7. Here, the parties do not dispute the underlying facts. Defendant was convicted of custodial interference, which is a nonviolent felony; it is not a listed crime in 13 V.S.A. § 5301(7) and it does not involve sexual exploitation of children. Further, the probation violations she was charged with do not constitute a new crime. Therefore, defendant falls within the "unless" clause of the statute. Given that this Court has not previously construed the amended language in 28 V.S.A. § 301(4) for probationers that fall within this clause, we grant full-Court review.

¶ 8. We begin with the familiar premise that in interpreting a statute, "[o]ur goal is to implement the Legislature's intent and the definitive source of legislative intent is the statutory language, by which we are bound unless it is uncertain or unclear." State v. Stell, 2007 VT 106, ¶ 12, 182 Vt. 368, 937 A.2d 649 (quotation and alteration omitted). Therefore, we implement the plain and ordinary meaning of the statutory language and depart only where "the objective of the legislation would be defeated." Id. (quotation omitted).

2

¶ 9. In this instance, the statute's plain language and its purpose statement both demonstrate that the statute was enacted to remove the presumption against bail for probationers like defendant. The amended language states that probationers who are charged with violations do not have a right to bail or release <u>unless</u> they fit certain factual criteria. This language on its face means that those who fit the criteria <u>do</u> have a right to bail.

¶ 10. Further, the Act's statement of findings and intent provided:

(a) It is the intent of the general assembly that term probation be the standard, the default, for misdemeanors and nonviolent felonies and that the exception in the law that allows a court to deviate from this standard in the interest of justice should be used judiciously and sparingly.

(b) Similarly, it is the intent of the general assembly that administrative probation be the standard, the default, for qualifying offenses for which probation is ordered and that the exception in the law that allows a court to deviate from this standard in the interest of justice should be used judiciously and sparingly.

2009, No. 157 (Adj. Sess.), § 1. The Act also included a finding that the number of persons detained in Vermont's correctional system was increasing and directed several agencies, including the courts, to "work cooperatively to reduce, to the extent possible, the average daily number of incarcerated detainees." <u>Id</u>. § 11(b). These statements—indicating that the Act was intended to decrease the number of incarcerated persons and that probation would be the "default" for people with nonviolent felonies—are consistent with an interpretation of the statutory language that for certain individuals there is a right to bail pending a probation violation hearing.

¶ 11. Therefore, we conclude that defendants who fit the statutory criteria have a statutory right to bail or release and that the conditions of that release should be determined by a consideration of the factors in 13 V.S.A. § 7554. The State maintains that the trial court still has discretion to hold these individuals without releasing them under conditions. The statutory language does not support this construction. Although the statute states that following arraignment, the court "may release the probationer," this phrase existed prior to the statutory change and we do not construe it to mean that even those with a right to bail can be held without bail. Under the prior law any probationer could be held or released pending a violation hearing. It remains the case that the court has discretion to release any probationer. However, if we construed the statute to continue to allow all probationers to be held without conditions of release pending the hearing, then the statutory change would have made no difference in how probationers are held or released pending a violation hearing. Therefore, we conclude that those probationers with a right to bail may not be held without bail and reverse the trial court's order holding defendant without bail. On remand, the trial court is directed to hold a hearing forthwith to determine the conditions of release for defendant pending the probation-violation hearing.

¶ 12. We recognize that in this case the trial court's decision to hold defendant without conditions of release was influenced by concerns that defendant posed a risk of harm to herself and to the community. Certainly, defendant's statement about Jody Herring is concerning and

3

may be taken into consideration in determining which conditions of release to impose. The fact remains, however, that the actual probation violation charges did not "constitute a new crime"—failing to meet with her probation officer, failing to keep a curfew, failing to report a change of address, and failing to comply with electronic monitoring. Because defendant's underlying crime was a nonviolent felony and the probation violations did not amount to new crimes, defendant had a right to conditions of release.

 <u>Reversed and remanded for further proceedings consistent with the decision; a hearing to be held forthwith to determine the conditions of release for defendant.</u>

BY THE COURT:

Dissenting:

_____  _____
Paul L. Reiber, Chief Justice      John A. Dooley, Associate Justice


                    _____
                    Marilyn S. Skoglund, Associate Justice


                    _____
                    Beth Robinson, Associate Justice


                    _____
☒ Publish              Harold E. Eaton, Jr., Associate Justice

☐ Do Not Publish

4