VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-214



## ENTRY ORDER

AUGUST TERM,   2022

State of Vermont v. James Gibbons, Jr.*     }     APPEALED FROM:
                                            }     Superior Court, Essex Unit, Criminal Division
                                            }
                                            }     CASE NO. 21-CR-05443; 22-CR-05761
                                                  Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Defendant appeals the criminal division's order holding him without bail pursuant to 13 V.S.A. § 7553a on two separate trial court dockets.  I affirm.

### I.  Procedural History and Facts

In June 2022, prior to the present matter, defendant pleaded guilty to misdemeanor domestic assault under 13 V.S.A. § 1042.  His sister, the complainant in the current case, reported this prior domestic assault to the police.  He was subsequently sentenced to time served and released on conditions of probation after almost a year of being incarcerated during the pendency of the case.  Condition twenty-three of defendant's probation prohibits him from "engag[ing] in violent or threatening behavior.  Violent behavior includes physical contact with another without consent, unlawful restraint of another, or physical contact by mutual affray." Defendant was released into sister's custody after pleading guilty.

Ten days later, defendant allegedly attacked his sister.  He was charged with a violation of probation (VOP) from his June 2022 conditions of probation and one count of second-degree aggravated domestic assault under 13 V.S.A. § 1044(a)(2)(B) on a separate docket.

The State presented the following evidence in support of its request to hold defendant without bail.  On the afternoon of July 1, defendant and sister ran errands and then returned to sister's residence.  Sister cleaned her kitchen while defendant rested in the bedroom, and she heard a thud from the bedroom.  After the thud, defendant started screaming, ran into the kitchen, put sister in a headlock and choked her, grabbed her left arm and held it behind her back, and tried to slam her head on the cabinet.  Sister tried to communicate that he was hurting her, but she could not get through to him; she believed she was going to die and later described her pain at the time as "excruciating."  Defendant continued screaming at her while he choked her,

blaming her for his year-long incarceration. Eventually, sister broke free, ran to her car in the driveway, and locked the doors. Sister waited until she heard silence before returning to her residence to retrieve her phone. She contacted a friend for help, and that friend called the police.

As a result of these alleged events, sister stated that she would not be willing to have defendant to be released into her custody again. She further indicated that defendant "doesn't know anyone in Vermont" and has no other friends or ties to the community.

The criminal division held a weight-of-the-evidence hearing on July 14, 2022, and it issued a written order the same day holding defendant without bail on the aggravated domestic assault charge pursuant to 13 V.S.A. § 7553a and the VOP charge pursuant to 28 V.S.A. § 301(4). The court found that the evidence of defendant's guilt was great, and that defendant's release would "pose a substantial threat of physical violence to the alleged victim and to the individual who reported defendant's conduct to law enforcement on the day of the alleged assault." It determined that no condition or combination of conditions of release would "reasonably prevent the physical violence" because defendant had already, by violating probation, indicated that he was "likely to violate court orders designed to prevent him from engaging in violent behavior toward others."

Defendant filed a notice of appeal pro se in both dockets arguing that he provided substantial evidence of the State's prejudice and misconduct. The State filed a letter in response asking the superior court to reject defendant's notice of appeal because it was not filed by defendant's attorney.[*] Defendant's attorney subsequently indicated she would represent defendant in this bail appeal.

Both parties filed written memoranda. Defendant argues the evidence below was insufficient to support the criminal division's finding by clear and convincing evidence that no conditions would reasonably protect the public pursuant to 13 V.S.A. § 7553a. He further asks this Court to vacate the trial court's order pursuant to 28 V.S.A. § 301(4) because it "failed to exercise its discretion to at least consider conditions of release under 13 V.S.A. § 7554." However, defendant provides no legal argument supporting this request, instead merely stating that a bail decision cannot be arbitrary. The State argues that the hold without bail order pursuant to both 13 V.S.A. § 7553a and 28 V.S.A. § 301(4) was proper and should be affirmed.

## II. Analysis

### A. 13 V.S.A. § 7553a

Pursuant to 13 V.S.A. § 7553a, the trial court may, "when the evidence of guilt is great," hold without bail a defendant charged with a felony involving "an act of violence against another person" as one of its elements so long as there is clear and convincing evidence that the

---

[*] The State's letter was not filed as a motion to dismiss. This issue became moot upon defendant's attorney's indication that she would continue to represent him throughout this appeal. Further, pursuant to Vermont Rule of Appellate Procedure 3(d)(5), this Court does not dismiss appeals "for informality of form or title of the notice of appeal."

defendant's release on bail "poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence." The parties here stipulated to the record, and defendant declined to submit new evidence or request an evidentiary hearing. As a result, this appeal is a single-justice, de novo review based on the trial court's record. See 13 V.S.A. § 7556(d); V.R.A.P. 9(b)(1).

There is no dispute that defendant has been charged with a felony involving an act of violence. I therefore turn to the remaining issues to consider by clear and convincing evidence whether the evidence of guilt is great, whether defendant's release on bail would pose a substantial threat of physical violence, and if any condition(s) would reasonably prevent the physical violence.

At the weight-of-the-evidence hearing, sister provided extensive testimony about defendant allegedly attacking her. Defendant did not provide any evidence to suggest that sister's testimony was untruthful as to the events of the alleged attack, including its timing, retaliatory nature, explosiveness, or level of violence. I find that a jury could reasonably find based on sister's testimony that defendant was guilty of assault, and therefore that the evidence of guilt is great. Further, her testimony provides clear and convincing evidence that defendant poses a substantial threat of physical violence to her or potentially others and that no combination of conditions could reasonably prevent the violence.

Sister testified that, despite testifying on defendant's behalf during the sentencing hearing in his June 2022 conviction, picking him up from jail, offering him a place to stay, and providing him with a phone to use after his incarceration, defendant attacked her without immediate provocation. It is true that sister was the complaining witness in the case leading to his June 2022 conviction. However, defendant was resting in the bedroom immediately prior to running into the kitchen and attacking sister; they had not been discussing the June 2022 conviction in the minutes leading up to the attack, and yet defendant allegedly screamed at sister during the attack that he was the "alpha" and blamed her for making him spend a year in jail.

Defendant's alleged attack was not random; it was perpetrated against a family member of his in close physical proximity whom he perceived to have wronged him. However, it appears to have been completely unpredictable in the moment. As sister testified, "defendant came barreling into the kitchen and just immediately attacked" her without warning. She testified that he expressed she was to blame for his year-long incarceration in the prior domestic assault case. Because sister is the complaining witness in the two new charges against defendant, she is clearly at continued risk of physical violence due to perceived blame for his arrest.

Further, the attack's viciousness demonstrates the heightened risk of physical violence. Sister described feeling excruciating pain and being convinced that he was going to kill her. She described defendant putting her in a headlock, choking her, attempting to slam her head into the kitchen cabinets, and dragging her left arm to the top of her head to the point where she "could actually hear the bones in [her] neck, collarbone, and shoulder, cracking." Sister's testimony indicated that defendant was beyond reasoning during the attack: "there was no getting through to" him.

In his memorandum, defendant suggests that violating a condition of probation is "an entirely different scenario" than being violating conditions of release pending a trial. The State, by contrast, claims "[t]here is no reason to believe Defendant will respect conditions of release, but not conditions of probation." I agree with the latter assessment. Defendant pleaded guilty to domestic assault and agreed to conditions of probation (which included not committing any further acts of violence) a mere ten days before the alleged assault against sister. Based on the evidence before me, I find he has demonstrated a lack of respect both for the law and for specific conditions imposed on him. Particularly given defendant's volatility and the grave risk he poses to sister's safety, I find that there is no combination of conditions that would reasonably prevent the physical violence.

## B. 28 V.S.A. § 301(4)

Defendant also appealed the court's order holding him without bail for violating his probation condition pursuant to 28 V.S.A. § 301(4). Under 28 V.S.A. § 301(4), an individual on probation for a violent crime has "no right to bail or release." "[I]n cases where the constitutional right [to bail] does not apply, the presumption is switched so that the norm is incarceration and not release." State v. Blackmer, 160 Vt. 451, 458 (1993). However, the court may exercise its discretion to release the probationer pursuant to 13 V.S.A. § 7554, which provides guidance and considerations for appropriate conditions of release prior to trial. 28 V.S.A. § 301(4). The § 7554(b) factors include the offense's nature and circumstances and the weight of the evidence, as well as the defendant's employment, financial resources, character and mental condition, connection to the community, and record of appearance or failure to appear at court proceedings.

Regardless of whether the court ultimately decides to exercise its discretion to release a probationer under conditions, Vermont Rule of Criminal Procedure 32.1(a)(3) indicates that the court must consider the 13 V.S.A. § 7554(b) factors. State v. Campbell, 2014 VT 123, ¶ 9, 198 Vt. 627 (mem.). This Court's "review is limited to determining whether the trial court abused [its] discretion." Id. ¶ 6.

Defendant claimed at oral argument that the court acted arbitrarily in failing to consider or make specific findings under 13 V.S.A. § 7554(b). I disagree; the trial court considered several of the § 7554(b) factors in the context of its decision under § 7553a. It examined the weight of the evidence when it determined that the evidence of defendant's guilt is great because "the State has substantial evidence supporting each of the elements of the charged offense." It further considered the nature and circumstances of the offense, stating that "without provocation[,] defendant physically attacked [sister] and caused her injury." Additionally, the court took judicial notice of the court record from defendant's prior case, which indicated that he was convicted of domestic assault after pleading guilty.

Although the court did not make findings regarding the remaining § 7554(b) factors, this does not amount to an abuse of discretion. When considering discretionary release, "[t]he court [is] not required to explicitly consider each of the[] [§ 7554(b)] factors." State v. Auclair, 2020 VT 26, ¶ 21, 211 Vt. 651 (mem.); see State v. Orost, 2017 VT 110, ¶ 11, 206 Vt. 657 (mem.) ("While the trial court could have provided a more detailed analysis of the 13 V.S.A. § 7554(b)

factors, its discussion of the multiple significant factors that were central to its analysis was sufficient . . . .").  I therefore conclude that the trial court did not abuse its discretion.

## III.  Conclusion

The evidence of defendant's guilt is great, and there is clear and convincing evidence that his release on bail would pose a substantial threat of physical violence.  Given his recent and extreme alleged violation of one of his probation conditions, I conclude that no combination of conditions of release would reasonably mitigate this risk of harm.  I therefore affirm the criminal court's order holding defendant without bail.

Affirmed.


FOR THE COURT:


_____
William D. Cohen, Associate Justice