VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-300



## ENTRY ORDER

NOVEMBER TERM,   2022

| | | |
|---|---|---|
| State of Vermont v. Luis Angel Torres-Caraballo* | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Orange Unit, |
| | } | Criminal Division |
| | } | CASE NO. 60-2-19 Oecr |
| | | Trial Judge: Elizabeth D. Mann |

In the above-entitled cause, the Clerk will enter:

Probationer appeals an order of the superior court requiring that he be held without bail pending the merits hearing on his alleged violation of the conditions of his probation.  We affirm.

On August 12, 2020, probationer Luis Angel Torres-Caraballo entered into a plea agreement in which he pleaded no contest to an allegation of lewd or lascivious conduct with a child in violation of 13 V.S.A. § 2602 and sexual assault on a victim under sixteen years of age in violation of 13 V.S.A. § 3252(c).  On October 14, 2020, pursuant to the agreement, probationer was sentenced to two-to-five years on the lewd or lascivious count, all suspended, and five years, deferred, on the sexual-assault count.  He was released into the custody of the Department of Corrections to serve the sentence of probation with various conditions attached. The probation conditions included requiring that probationer comply with electronic monitoring, obtain approval from his probation officer regarding residence and employment, abstain from initiating or maintaining contact with female persons under the age of sixteen, and inform persons with which he has a relationship of his sex-offending history.

On October 20, 2022, the State filed a probation-violation complaint alleging that probationer had violated numerous conditions of his probation by spending the night at the house of an acquaintance where the acquaintance's fourteen-year-old daughter also resided.  The State further alleged that probationer failed to keep his electronic monitor charged and that he failed to disclose his status as a sex offender to the residents of the house where he stayed.  Probationer was arraigned the next day on the violation-of-probation (VOP) charge and ordered held without bail pending a merits hearing.  Probationer filed motions for bail review and dismissal on October 25, 2022, and a bail review hearing was held eight days later.  During the hearing, probationer argued that his vehicle would not start, leaving him no choice but to spend the night

somewhere other than his approved residential address. Probationer further argued that the conditions of probation were not adequately translated into his native language, Spanish, rendering him unable to understand them. The State argued that attempts were made to provide probationer with the required notice, including providing him with a probation officer who is a native Spanish speaker and reviewing specific conditions, such as not to go to the home in question, in Spanish.

Probationer's request for bail pending the merits hearing on his probation violation was denied. In its denial of probationer's request, the trial court noted that probationer does not have a right to bail in this matter. It further found that the parties agreed that probationer was provided conditions in Spanish and that the expert testimony revealed the minor grammatical errors in those conditions were not enough to preclude probationer's understanding. Finally, the trial court opined on the seriousness of the underlying charge, the purpose of the conditions which was to avoid a recurrence of such conduct, and probationer's violation of those specific conditions. Considering the forgoing, the trial court did not think it "appropriate to change course here." This appeal followed.

Pursuant to 28 V.S.A. § 301(4), a defendant who is charged with violating conditions of probation has no statutory right to bail if the probation is the result of a crime listed in 13 V.S.A. § 5301(7). State v. Campbell, 2014 VT 123, ¶ 6, 198 Vt. 627 (mem.). This list includes both "lewd or lascivious conduct with a child" and "sexual assault." 13 V.S.A. §§ 5301(7)(F), 5301(7)(I). Even though there is no right to bail or release, the trial court may release a probationer under 13 V.S.A. § 7554. 28 V.S.A. § 301(4).

The procedures outlined in 13 V.S.A. § 7554, do not perfectly apply to post-conviction, probation-revocation detentions. State v. Houle, 2015 VT 29, ¶ 3, 196 Vt. 626 (mem.). We have nonetheless recognized that "[b]oth 28 V.S.A. § 301(4) and Vermont Rule of Criminal Procedure 32.1(a)(3)(A) direct our attention to 13 V.S.A. § 7554" and that "Rule 32.1(a)(3)(A) expressly requires courts to consider the § 7554(b) factors when determining conditions of release for probationers." Campbell, 2014 VT 123, ¶ 9. Thus, "[a]ll that is necessary is a consideration of the § 7554(b) factors." Id.

Probationer argues on appeal that his due process rights have been violated because he was never offered an adequate Spanish translation of his conditions of release. He further argues that the trial court erred in failing to balance the risk of harm of erroneous detention against the assurances to public safety that his requested home confinement would provide. But probationer has already been convicted and is serving a suspended sentence dependent on adhering to the conditions of release. Accordingly, there is no constitutional violation in denying bail. See Vt. Const. CH II, § 40 (describing a right to bail "prior to trial"); 28 V.S.A. § 301(4); Campbell, 2014 VT 123, ¶ 6 ("A defendant charged with violating probation conditions has no constitutional, or statutory right to bail or release if the defendant is on probation for a listed crime as defined in 13 V.S.A. § 5301(7).").

To the extent probationer's due process arguments are justified, he should pursue them in a merits hearing, not on review of bail. See Campbell, 2014 VT 123, ¶ 9. The only pertinent consideration in reviewing denial of bail for a VOP offense are the factors laid out in § 7554(b),

none of which probationer raised at the bail hearing. Because the "defendant has the burden of proving that [bail] is appropriate," by failing to invoke any of the statutory factors and instead focusing on merits arguments, probationer has failed to meet that burden here. See State v. Whiteway, 2014 VT 49, ¶ 6, 196 Vt. 638 (mem.). For the forgoing reasons, because probationer failed to meet his burden, the refusal of the trial court to release probationer pending the outcome of his merits hearing was not an abuse of discretion.

Affirmed.


FOR THE COURT:


_____
Nancy J. Waples, Associate Justice