VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-295



## ENTRY ORDER

NOVEMBER TERM,   2022

State of Vermont v. Bryan Corbin*
}
}
}
}
}

APPEALED FROM:

Superior Court, Bennington Unit, Criminal Division

CASE NO. 21-CR-06851
Trial Judge: Kerry A. McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant Bryan Corbin appeals from the criminal division's decision to hold him without bail pending a violation-of-probation (VOP) merits hearing.  He argues that the criminal division abused its discretion because the evidence against him was insufficient to support the charge.  For the reasons below, I affirm.

In July 2021, the family division issued a relief from abuse (RFA) final order prohibiting defendant from contacting, threatening, following, or abusing complainant Sarah Frisby or coming within three hundred feet of complainant, her residence, her place of employment, or her motor vehicle.  One month later, defendant was charged with a violation of the RFA pursuant to 13 V.S.A. § 1030(a) for coming within three hundred feet of complainant's workplace while she was at work.  In March 2022, defendant entered a guilty plea for the RFA violation, received a suspended three-to-six-month sentence, and was placed on probation for a period of twelve months.

Among the conditions imposed by the criminal division were condition A, which prohibits engaging in criminal behavior or being convicted or another crime, and conditions B, C, D, E, and F, which require defendant to keep his probation officer informed about his contact information and employment status and notify his probation officer if he is arrested or given a citation, require defendant to meet with his probation officer and allow his probation officer to visit his home, and provide that defendant's probation officer may restrict or prohibit defendant's travel to any state.  The criminal division also imposed special conditions of probation 20, 22, and 23 prohibiting defendant from contacting, abusing, or harassing complainant or engaging in any violent or threatening behavior.  Finally, the criminal division imposed conditions 31, 33, and 34 related to

restorative justice programming, probation transfers to other states, and a waiver of extradition to Vermont and agreement to return to the state if directed.

Defendant self-reported to his probation officer that he had contact with complainant on August 27, 2022, in violation of his probation conditions. Subsequently, on Monday, September 12, complainant contacted the police, alleging that defendant had broken into her residence on September 10 and struck her in the face. Complainant had significant bruising on her face, a chipped tooth, and bruises on her left arm and right knee, which she told officers were the result of the assault. Defendant turned himself in to the Bennington Police Department, denied the allegations, and informed an officer that he had been working and staying with his girlfriend all weekend. The State charged defendant with three crimes, and the criminal division found probable cause on the allegations for aggravated domestic assault and burglary, as well as VOP under conditions A, 20, and 23. The criminal division held defendant without bail in the criminal docket pursuant to 13 V.S.A. § 7553a and further held him without bail in the VOP docket pursuant to 28 V.S.A. § 301(4).

The court scheduled a weight-of-the-evidence hearing for September 28, 2022. At the outset of the hearing, the State informed the criminal division that it was no longer requesting the court hold defendant without bail pursuant to 13 V.S.A. § 7553a. The State instead solely requested that the court hold defendant without bail as to the VOP pursuant to 28 V.S.A. § 301(4). The criminal division vacated the hold-without-bail order on the criminal docket and imposed conditions of release before turning to the VOP docket. Defense counsel argued that the criminal division should proceed with the weight-of-the-evidence hearing as a matter of fairness in order to continue holding defendant without bail, rather than scheduling a VOP merits hearing for a later date. The court reviewed the applicable statutes and the record, noting that defendant was on probation for a violent misdemeanor that is one of the listed crimes in 13 V.S.A. § 5301(7). The court then noted that where, as here, a VOP has been filed and a court has found probable cause, there is no right to bail under 28 V.S.A. § 301(4). The court further noted that it had to consider the factors in 13 V.S.A. § 7554(b) to determine whether conditions of release could be imposed despite the presumption of holding defendant without bail, and it indicated that it would "reconsider in essence whether or not th[e] hold without bail should continue."

The criminal division subsequently granted the State's request to hold defendant without bail on the VOP. Defendant filed a motion to reconsider, which the court granted and scheduled it for a bail review hearing.[*] On October 19, the parties presented evidence including the sworn testimony of defendant's girlfriend, with whom defendant was residing prior to his incarceration, and defendant's probation officer.

On October 24, the criminal division issued a written order considering each of the relevant § 7554 factors. It ultimately found that although defendant did not present a flight risk, he posed a safety risk to the public, and no combination of conditions of release would adequately deter defendant's conduct. As a result, the court denied defendant's motion to be released on conditions

---

[*] Because the Court was not provided with the transcript for the October 19 bail review hearing, defendant has "waive[d] the right to raise any issue for which [the] transcript is necessary for informed appellate review." V.R.A.P. 10(b)(1).

and continued to hold him without bail pending the VOP merits hearing. Defendant filed a motion to reconsider, arguing that the court erred in failing to include one of his exhibits in its analysis. The criminal division granted the motion and agreed this was error. Upon reconsideration, the court adopted the findings and legal analysis from the October 24 order and supplemented its findings with the missing exhibit, but on October 30 again denied defendant's request to release him on conditions. Defendant appeals.

A single Justice of the Vermont Supreme Court reviews for abuse of discretion the criminal division's decision to hold a defendant without bail on a violation of probation. State v. Campbell, 2014 VT 123, ¶ 6, 198 Vt. 627 (mem.) (citing 13 V.S.A. § 7556(b)). "An order so appealed shall be affirmed if it is supported by the proceedings below." 13 V.S.A. § 7556(b). Under 28 V.S.A. § 301(4), there is "no right to bail or release" for a defendant on probation for a violent crime. There is no dispute that defendant here is on probation for such a crime. Although there is no right to bail or release under these circumstances, the criminal division may exercise its discretion to impose conditions of release. V.R.Cr.P. 32.1(a)(3)(A). The court must consider the factors in 13 V.S.A. § 7554(b) to determine whether the probationer poses a flight risk to avoid prosecution and whether any combination of conditions of release would reasonably protect the public. Id.; Campbell, 2014 VT 123, ¶ 9. In considering such a discretionary release, "[t]he court [is] not required to explicitly consider each of th[e] [§ 7554(b)] factors." State v. Auclair, 2020 VT 26, ¶ 21, 211 Vt. 651 (mem.).

On appeal, defendant argues extensively that the weight of the evidence is not great and asks this Court to reverse the trial court's decision essentially on this ground alone. However, the trial court "is in a unique position to assess the credibility of the witnesses and the weight of the evidence presented." Kanaan v. Kanaan, 163 Vt. 402, 405 (1995).

Here, the criminal division considered a number of flight risk and public safety factors. The weight-of-the-evidence factor is addressed separately below. Regarding the seriousness of the offense charged, number of offenses, and nature and circumstances of the offense charged, the court noted that defendant was accused of violating his probation by allegedly committing aggravated domestic assault in the first degree and burglary against the same complainant in the violation-of-RFA charge for which he was convicted and placed on probation. The complainant had physical injuries as a result of defendant's alleged conduct. The court also noted that defendant's record of appearance at court proceedings included a probation revocation in November 2005 and a failure to appear for a court proceeding in July 2017. Additionally, the court considered defendant's character and mental condition, finding that he had disclosed a violation of his probation to his probation officer but had not informed his probation officer that he was moving in with his girlfriend and her children. The court additionally noted that defendant has two full-time jobs.

The court determined that defendant did not pose a significant flight risk from prosecution. His probation revocation and failure to appear in court both occurred over fifteen years ago, and he lived locally with ties to the community through his girlfriend and his two jobs. The court indicated that these factors favored defendant being released on conditions without bail. However, the court found that conditions of release would be necessary to protect the public under 13 V.S.A. § 7554(a)(2).

3

With concern, the criminal division noted that both the underlying violent misdemeanor that led to defendant's probation and the new allegations against defendant involved the same complainant. Consequently, the court expressed a lack of confidence that defendant would comply with conditions of release because he had already failed to comply with probation conditions prohibiting him from contacting complainant. The court therefore determined that defendant posed a danger to the public and denied his motion to be released on conditions.

I return now to the weight-of-the-evidence factor, which is the subject of appellant's arguments on appeal; specifically, defendant argues that because he did not have a car, he would have no time to leave his first shift, walk to the complainant's house to assault her, and then walk to his second shift. In considering the weight of the evidence against defendant, the criminal division made the following factual findings in its October 24 order. On September 10, 2022, defendant worked at Bennington Beverage Center from 9:06 a.m. to 1:50 p.m. and Chili's from 3:00 p.m. to 10:43 p.m. Defendant's girlfriend saw defendant leave for his shift at the Bennington Beverage Center on September 10 at around 8:50 a.m., and her mother drove defendant to work. She saw defendant that same day between 1:30 p.m. and 2:00 p.m. at the Bennington Beverage Center and again at around 11:50 p.m. at her residence. Defendant's girlfriend did not observe any physical injuries on defendant and thought defendant appeared to be happy to be home and not stressed, violent, or upset.

Upon defendant's motion to reconsider because the court's decision had failed to consider defendant's Exhibit C, the sworn statement of defendant's coworker at Chili's, the court's October 30 order supplemented its findings for the weight-of-the-evidence factor. Defendant's coworker's written statement from September 27, 2022, stated that she saw defendant walking along Northside Drive in Bennington at around 2:30 p.m. on September 10, 2021. The criminal division believed the year was written in error as 2021 and that the coworker meant to write 2022. The court incorporated Exhibit C into its analysis and acknowledged that the error had an impact on the weight the court placed on the evidence, but the additional analysis did not change the court's ultimate result.

The criminal division found that defendant completed his two shifts at Bennington Beverage Center and Chili's on September 10 and that it appeared he walked from the former to the latter. In specifically considering the credibility and weight of the evidence presented, the criminal division noted that neither party called the complainant as a witness; as a result, the court could only assess her credibility based on the affidavits in the VOP complaint. The court also noted that defendant had a timeframe of one hour and ten minutes between his shifts that was not accounted for, that defendant did not present any evidence about how long it takes to walk from Bennington Beverage Center to Chili's, and that there was no evidence about how far complainant's residence is from the two job locations. The court therefore found that the evidence "d[id] not completely exclude defendant from having committed the new offense he is charged with."

Even after reexamining the evidence upon review of Exhibit C, the criminal division determined that, while the additional evidence weakened the State's case at trial, the State still made out a prima facie case and therefore would meet the standard to avoid dismissal under

4

Vermont Rule of Criminal Procedure 12(d). State v. Bullock, 2017 VT 7, ¶ 6, 204 Vt. 623 (mem.) ("A motion for failure to make a prima facie case under Rule 12(d) must be dismissed if, taking the evidence in the light most favorable to the State and excluding all modifying evidence, the State's evidence can fairly and reasonably support a finding that defendant is guilty."). Ultimately, the court found that the balance tipped in favor of denying defendant bail pending a merits hearing.

Although Rule 12(d) is "the standard required to hold a defendant without bail under [13 V.S.A.] § 7553" rather than 28 V.S.A. § 301(4), Bullock, 2017 VT 7, ¶ 6, it is not inappropriate to use the rule as a framework through which this Court reviews the criminal division's reasoning. The criminal division's analysis was thoroughly rooted in its factual findings as described above, including its finding that the evidence available to it did not present the allegations against defendant as a factual impossibility, and its findings regarding the § 7554(b) factors. Its analysis was not arbitrary, and there was therefore no abuse of discretion. See State v. Main, 2022 VT 18, ¶ 10.

Additionally, the weight-of-the-evidence factor as provided in § 7554(b) is but one factor among many to determine whether a probationer should be released on conditions. Even with relatively weak weight of the evidence, the strength of the other factors, including the violence of the alleged attack and the common thread of the same complainant in this matter, the matter for which defendant is on probation, and the underlying RFA from 2021, indicate that continuing to hold defendant without bail is necessary to protect the public, particularly complainant. See Campbell, 2014 VT 123, ¶ 10 (upholding similar hold without bail order despite lack of flight risk because of potential risk to the public).

The court's reasoning as described above is rooted in the § 7554(b) factors and sufficiently supported by specific evidentiary findings. I therefore conclude that the trial court did not abuse its discretion.

Affirmed.

FOR THE COURT:

William D. Cohen, Associate Justice